Chester Dale EASTIN, Appellant,

v.

Sherry Dean EASTIN, Appellee.

No. 16177.

Court of Civil Appeals of Texas,
San Antonio.

July 30, 1979.

Rehearing Denied Sept. 25, 1979.

Frank Y. Hill, Jr., Boerne, for appellant.

Van G. Hilley, Goodstein & Semaan, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

This is a divorce action in which appellant, Chester Dale Eastin, seeks reversal of the judgment of the trial court dissolving the marriage between appellant and appellee, Sherry Dean Eastin, and disposing of matters relating to custody of the children of the parties, support of the children, division of the community assets and liability of appellant for attorney's fees. The provisions of the decree concerning custody, support, division of property and attorney's fees are based on a written agreement signed by the parties prior to the hearing.

Appellant's contention that the judgment must be reversed because the moving party, appellee, did not prove the existence of the necessary residence requirements must be overruled. What we have before us is obviously a partial statement of facts, and the record reflects that the trial court heard testimony in chambers during a hearing at which no court reporter was present. We must presume, therefore, that the evidence which was heard by the trial court but not brought forward to this Court was sufficient to support the decree granting the divorce.

Appellant also complains that he had made known to the court that he repudiated the agreement relating to custody, support, division of assets and liability for attorney's fees before the trial court rendered its judgment on those matters.

The cause was set for trial on June 28, 1978. Prior to that date the parties had engaged in negotiations for the purpose of reaching an agreement as to the matters in dispute other than the question of divorce. On June 28, 1978, the parties finally reached agreement on all matters. The agreement was embodied in a handwritten instrument, with each attorney writing a portion of the instrument. The instrument bore the docket number of the case, the style of the case, and was captioned, "Decree and Agreement." However, the instrument is not in the form of a judgment or decree, does not purport to dispose of the question of the marriage, and is clearly nothing more than a recital of the terms of the agreement, except for reciting, "All relief not expressly granted is specifically denied. Costs ½ to each party."

After the parties signed the instrument, they announced to the court that they had reached an agreement and it appears that evidence concerning the suit for divorce was then heard in chambers. Apparently, the trial court announced that the divorce would be granted. The judge then signed the handwritten instrument which had been prepared by the parties. Above the court's signature there appears the statement, "Signed this June 28, 1978 after confirmed."

On July 12, 1978, counsel for appellee mailed to appellant's attorney the "necessary documents" required to carry out the agreement of the parties. On July 31, 1978, appellant's attorney told counsel for appellee that appellant was "having problems" raising the $68,000.00 which, according to the agreement, appellee was to receive in cash.

On August 4, 1978, appellee filed a "motion for entry of decree of divorce" to which was attached the divorce decree which appellee desired to be signed. The trial court set the motion for hearing on August 14, 1978, on which date, prior to the time the hearing began, appellant filed his answer alleging that the decree suggested by appellee did not accurately "recite the proceedings had on" June 28, 1978, and repudiating the agreement.

After the hearing, the trial court granted appellee's motion and signed the decree which had been tendered by appellee.

It cannot be seriously contended that the signing of the written agreement by the court on June 28 constituted the rendition of a judgment. If such action on the part of the trial court be considered a judgment, the result would be that the divorce was denied, since the instrument recites that all relief not "expressly granted" is "specifically denied" and the instrument does not purport to grant a divorce, either expressly or by implication.

The facts in this case are very similar to those involved in *Carter v. Carter*, 535 S.W.2d 215 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). In that case the Court, relying on *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951), said:

> The law seems to be clear that a consent judgment cannot be rendered by a trial court when consent of one of the parties is lacking, even though consent may have theretofore been given by such dissenting party. The rule is that consent must exist at the very moment the trial court undertakes to make the agreement the judgment of the court.

535 S.W.2d at 217.

Appellee contends that judgment in this case was "rendered" on June 28, 1978, prior to the time that appellant made known his repudiation of the agreement, and that after the trial court had so made "the agreement the judgment of the court" appellant could not withdraw his consent. There is nothing in the transcript which suggests that the trial court had announced its decision concerning custody, support, property division and attorney's fees prior to the hearing held in August. Appellee lays great stress on the fact that her motion was

**814**

not a motion for judgment but was, instead, a motion for "entry of judgment."

 Strictly speaking, there is a distinction between the rendition of judgment and the entry of judgment. A judgment is rendered when the court pronounces its decision and conclusions upon the matter submitted to it for adjudication. The entry of the judgment is the ministerial act which furnishes enduring evidence of the judicial act of rendition. 4 R. McDonald, Texas Civil Practice § 17.05.1 (rev. 1971). A judgment is rendered when "'the decision is officially announced either orally in open court or by memorandum filed with the clerk.'" *Knox v. Long*, 152 Tex. 291, 296, 257 S.W.2d 289, 292 (1953). Normally, the decision is noted on the docket and the court then signs a formal document which recites the judgment. See Rule 306a, Tex. R.Civ.P. Finally, the clerk of the court "enters" the judgment upon the minutes of the court by copying it in such minutes, thereby giving the judgment the certainty required to permit it review upon appeal, its enforcement by process, and its proof in other courts. *See generally* 4 R. McDonald, *supra*, §§ 17.05.2–17.05.5. Despite these distinctions, the legal profession displays a tendency to use the terms "render" and "enter" interchangeably.

 In this case there is no indication in the record that the trial court had, prior to the hearing on August 14, 1978, announced its conclusions and decision on the questions of custody, support, division of property, and attorney's fees. Even if the testimony presented by appellee's counsel at the hearing on her motion on August 14 can be considered as evidence of the rendition of judgment on June 28, such testimony concerns only the court's action with respect to the dissolution of the marriage. The "decree" signed by the trial court on August 14 contains no suggestion that the judgment which it evidences was "rendered" at any prior time, nor are there any findings by the trial court indicating a rendition on June 28.

We conclude that the trial court erred in rendering judgment at a time when it knew that the agreement on which the judgment was based lacked, at the time of rendition, the consent of appellant.

That portion of the judgment granting a divorce is affirmed. The portion of the judgment awarding custody of the children to appellee, ordering appellant to pay child support, dividing the property and awarding attorney's fees is severed from the portion granting the divorce and is reversed and remanded to the trial court for determination of such issues.