Rosalinda V. FLORES, Relator,

v.

Honorable James C. ONION,
Respondent.

No. 04–85–00210–CV.

Court of Appeals of Texas,
San Antonio.

June 19, 1985.

John M. Economidy, San Antonio, for relator.

Terrance McDonald, San Antonio, for respondent.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

RELATOR'S WRIT OF MANDAMUS CONDITIONALLY GRANTED

This is an original petition for writ of mandamus. Relator, petitioner in a divorce action below, seeks to compel respondent, the Honorable James C. Onion, Judge of the 73rd District Court of Bexar County, Texas, to sign and enter a final judgment in the divorce action. Relator contends that Judge Onion had previously rendered

an agreed judgment, but now refuses to sign and enter a formal, typed copy of the judgment. Judge Onion has responded that he has not yet rendered judgment, that a hearing was set on relator's motion to enter judgment, and that at the hearing the real party in interest, Luis Enrique Flores, respondent in the divorce action, revoked his consent to the agreed judgment. Thus, Judge Onion refused to enter judgment. The issue in this petition is whether judgment had been rendered prior to Mr. Flores' revocation of consent. We hold that it was and conditionally grant the petition for writ of mandamus.

The facts are set out in an affidavit of relator's trial attorney. The divorce case was set for hearing on April 4, 1985. On that day the parties and their attorneys conferred and were able to reach an agreement which was reduced to handwriting. The handwritten document is styled "Flores v. Flores," and numbered "85–CI–01321." It is captioned "Decree and Agreement." The document states, "Divorce granted," and, "All jurisdictional requirements satisfied." The document goes on to detail child conservatorship and support and a division of the parties' property and debts. It also arranges for payment of fees and costs, and concludes, "Relief requested and not granted is denied." It is signed by the parties and their attorneys.

Relator's trial attorney states in his affidavit that he and his client then went before Judge Onion and verbally proved up the case in open court, that Judge Onion verbally granted the divorce and signed the handwritten document beside the words, "Signed and rendered." The document was filed with the district clerk among the papers of the cause. No court reporter was present. Judge Onion in his response declares that he has no independent recollection of any testimony being offered on April 4.

Relator's trial attorney prepared a typewritten copy of the handwritten judgment and presented it to Mr. Flores' attorney. By that time, however, Mr. Flores had apparently changed his mind and no longer approved of the agreed judgment. His attorney, therefore, would not concur in the typed decree. Relator filed a motion to enter judgment which was set for hearing on May 6, 1985. At the hearing Mr. Flores stated that he was not pleased with the provisions of the agreement concerning the amount of child support he was to pay, and concerning the division of the family home. Based on these reservations Judge Onion refused to sign the proposed decree and denied the motion to enter judgment.[1]

A party may revoke his consent to settle a case any time before judgment is rendered. *Samples Exterminators v. Samples*, 640 S.W.2d 873, 874–75 (Tex. 1982). Thus this case turns on the question of whether the signing by Judge Onion of the handwritten document on April 4 was a "rendition" of judgment. If it was, then Judge Onion has a ministerial duty to see that a final decree is entered in accordance with the agreement of the parties, 4 R. McDONALD, TEXAS CIVIL PRACTICE § 17.22 (rev. 1984), and mandamus will lie to compel the entry of judgment. *State ex rel. Pettit v. Thurmond*, 516 S.W.2d 119, 121 (Tex.1974). If judgment was not rendered on April 4, then Mr. Flores timely revoked his consent to the agreement, and Judge Onion properly refused to render judgment on May 6.

The "rendition" of a judgment is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication which may be oral as well as written. *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 292 (1953). A judgment is "rendered" when the decision is officially announced either orally in open

---

1. It is agreed by all sides that this proposed judgment contains a typographical error in the distribution of the parties' debts and it, therefore, does not conform to the agreement reached on April 4. Judge Onion would have been correct in refusing to enter this judgment had this been the only reason for his refusal to do so. As will be made apparent, however, he was incorrect in refusing to enter judgment based on Mr. Flores' withdrawal of his consent subsequent to rendition of judgment.

court or by memorandum filed with the clerk. *Id.* The "entry" of the judgment is the ministerial act which furnishes enduring evidence of the judicial act of rendition. *Eastin v. Eastin,* 588 S.W.2d 812, 814 (Tex. Civ.App.—San Antonio 1979, writ dism'd).

■ We hold that Judge Onion rendered judgment on April 4 when he signed the handwritten consent decree prepared by the parties. By his signature on the agreement, Judge Onion officially announced the court's decision by memorandum filed with the clerk. *Knox v. Long,* 257 S.W.2d at 292. Nothing was left for adjustment between the parties relating to the subject matter of the agreement. *Matthews v. Looney,* 132 Tex. 313, 123 S.W.2d 871, 873 (1939). The decree granted the divorce, indicated that all jurisdictional requirements were satisfied, divided the property and debts of the parties, provided for conservatorship and support of the parties' child, awarded costs and fees, and indicated that relief not granted was denied. In this regard the agreement was unlike that in *Eastin* where the agreement was not in the form of a judgment, did not purport to dispose of the question of marriage, and was nothing more than a recital of the terms of the agreement. 588 S.W.2d at 813. There is nothing in the record before us to indicate that Mr. Flores objected to the consent decree on April 4. In fact, all the evidence is to the contrary. Mr. Flores signed the agreement indicating his approval on the day it was drafted and rendered.

The writ of mandamus is conditionally granted. We are confident Judge Onion will sign a formal, typed decree in conformity with the consent decree rendered on April 4, and see that that final decree is entered of record. The writ of mandamus will issue only if he refuses to do so.

CANTU, Justice, dissenting.

I dissent to the conditional granting of the writ of mandamus. The majority erro-

neously orders Judge Onion to perform an act not the subject matter of mandamus.

Relator's petition complains of Judge Onion's refusal to "enter" the judgment he "rendered" on April 4, 1985, to wit:

He [Judge Onion] is the presiding judge who rendered judgment in the case below and who now refuses to *enter* judgment.

\* \* \* \* \* \*

Relator prays that citation issue to the respondent judge and Luis Enrique Flores, the real party in interest; that this petition for mandamus be set for hearing before this court as soon as possible; and that upon such hearing, this court issue its writ of mandamus directing the Honorable James C. Onion to *enter* a typed version of the judgment he rendered. (emphasis mine)

If indeed a judgment was "rendered" on April 4, 1985, and I have strong reservations about the document referred to in the relator's petition as a judgment inasmuch as it is written in abbreviated language not entirely decipherable without reference to outside sources, then the need for Judge Onion's signature is superfluous. A signed judgment obtains no greater validity because it is signed twice.[1]

But relator's complaint before this court is Judge Onion's refusal to "enter," the judgment rendered. It is not the judge's duty to enter the judgment he has rendered. Rather that duty devolves upon the clerk of the court. *See Polis v. Alford,* 267 S.W.2d 918 (Tex.Civ.App.—San Antonio 1954, no writ). The ministerial duty belongs to the clerk and, therefore, Judge Onion is not the proper party before this court on an action for mandamus. *Simpson v. Charity Benev. Association, Inc.,* 137 Tex. 215, 152 S.W.2d 1093 (1941).

In addition, relator admits that she has never approached Judge Onion with a typewritten version of the judgment allegedly rendered on April 4, 1985. This court is

---

1. It is clear to me, as it should be to the majority, that the document alleged to be a judgment is nothing more than an attempt by the parties to comply with TEX.R.CIV.P. 11. While such

an agreement may take the form of a consent judgment, I do not believe the present agreement attains that status.

asked to order Judge Onion to "sign" and "enter" a judgment in conformity with the judgment he allegedly rendered when there is no allegation that he has refused to do so upon timely request. I do not believe that this court has any business interfering with a trial court's conduct in the absence of some showing that it has abused its discretion in the performance or non-performance of a purely ministerial act.

Because the relief prayed for is not one which Judge Onion has a ministerial duty to perform and because relief sought from this court is premature in that there is no indication that Judge Onion will refuse to sign a correct typewritten version of the judgment he has already allegedly rendered, I would refuse to grant the writ. *Cf. Stark v. Dodd,* 76 S.W.2d 865 (Tex.Civ. App.—Beaumont 1934, no writ); *Bantuelle v. Renfroe,* 620 S.W.2d 635 (Tex.Civ.App.— Dallas 1981, no writ). I respectfully dissent.