The **STATE of Texas, Appellant,**

*v.*

**Billy ROSENBAUM, Appellee.**

**No. 1005–90.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 30, 1991.

Jim W. James, Sp. Prosecutor, Bryan, for appellant.

Dick DeGuerin, Houston, Robert Huttash, State's Atty., Austin, for the State, for appellee.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

This petition involves the State's appeal from an order quashing allegations of ma-

---

1. A pre-trial hearing was conducted to determine the materiality issue during which both the State and defendant presented evidence. The court then allowed each party 10 days to file briefs in the matter. Neither party filed briefs nor authorities. No trial was held in this cause. The judge issued his findings of fact and conclusions of law in an order dismissing that part of the indictment charging the defendant with felony perjury.

2. Art. 44.01, V.A.C.C.P., reads in pertinent part:

   (a) The state is entitled to appeal an order of a court in a criminal case if the order: (1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint; ...

3. V.T.C.A. Penal Code, § 37.03, regarding aggravated perjury, states:

teriality in a perjury indictment pursuant to Art. 44.01(d), V.A.C.C.P. In its findings of fact and conclusions of law, the trial court[1] found no materiality in the alleged perjurious statements. The State then filed an appeal with the Fourteenth Court of Appeals. Art. 44.01(a)(1), V.A.C.C.P.[2] The court of appeals dismissed the State's appeal in an unpublished opinion. State v. Rosenbaum (Tex.App.—Houston [14th] No. A14–90–00616–CR, delivered Aug. 23, 1990). The court reasoned that the notice of appeal was untimely filed based upon the 15–day time limits set forth in Art. 44.01(d) and TEX.R.APP.PROC. 41(b)(1); therefore, it had no jurisdiction to hear the appeal. This Court granted the State's petition based on its sole ground for review, that "the Court of Appeals erred in holding that notice of appeal was untimely." The State requests this Court to order the court of appeals to reverse the untimely dismissal and address the merits of this case. On the basis of the facts of this case, we will reverse the judgment of the court of appeals.

We borrow liberally from the State's petition for a recitation of the facts in the instant case. The defendant, Sheriff of Washington County, was indicted for aggravated perjury.[3] Upon defendant's motion, the trial court dismissed that portion of the indictment alleging that the misstatement was material.[4] Visiting District Judge Larry Gist signed the trial court

---

(a) A person commits an offense if he commits perjury as defined in Section 37.02 of this code, and the false statement:

   (1) is made during or in connection with an official proceeding; and

   (2) is material.

(b) An offense under this section is a felony of the third degree.

4. V.T.C.A. Penal Code, § 37.04 defines "materiality" as follows:

   (a) A statement is material, regardless of the admissibility of the statement under the rules of evidence, if it could have affected the course or outcome of the official proceeding.

   (b) It is no defense to prosecution under Section 37.03 of this code (Aggravated Perjury) that the declarant mistakenly believed the statement to be immaterial.

   (c) Whether a statement is material in a given factual situation is a question of law.

order quashing a portion of the indictment on June 28, 1990. The record reflects that the order signed by Judge Gist contains the following language, "This order is to be entered of record by the District Clerk on Monday, July 2, 1990 and will become final 15 days thereafter. Art. 44.01(d) C.C.P." In closing, the order states, "Signed and entered June 28, 1990." The judge's signature appears below this statement. Judge Gist then sent the signed order with a cover letter to the District Clerk of Washington County. The letter, dated June 28, 1990, stated, "Enclosed is an order *entered* in this case. Please file this order of record on Monday, July 2, 1990. It should be kept confidential until that date." [5] (emphasis added). The State filed a notice of appeal on July 16, 1990.

Article 44.01(d), V.A.C.C.P., provides:

(d) The prosecuting attorney may not make an appeal under Subsection (a) or (b) of this article later than *the 15th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.* (emphasis added).

Rule 41(b)(1), TEX.R.APP.PROC., provides:

(1) *Time to Perfect Appeal.* Appeal is perfected when notice of appeal is filed within thirty (*fifteen by the state*) days after the day sentence is imposed or suspended in open court or *the day an appealable order is signed by the trial judge;* ... (emphasis added).

The court of appeals held that the computation date ran from the date of the judge's signature, reasoning that the order was effective from the date of signing, in accordance with TEX.R.APP.PROC. 41(b)(1). The court dismissed the State's appeal as untimely filed, stating it lacked proper jurisdiction to rule on the merits. Because the merits of the State's appeal

before the court of appeals are not relevant and therefore not dispositive of our decision in the instant case, we will address only the jurisdictional issue as it relates to the State's timely filing of notice of appeal.

The thrust of the State's argument is that Judge Gist correctly followed the provisions of Art. 44.01(d), V.A.C.C.P., which starts the appellate timeclock from the date of entry by the court. In addition, the State relies on the contents of the letter from Judge Gist directing the District Clerk to "file this order of record" on July 2.[6] The State further contends that because the specific language of the order states that it was to be "entered of record" on July 2, and would "become final 15 days thereafter," the judge's specific intent was to follow the guidelines set out in Art. 44.01(d). Although the judge's intention here was apparently to hold entry of the order until July 2, his own writings to that effect are unclear.

Appellee counters in his brief that the trial judge "signed and entered the *Order* on June 28, 1990." (emphasis supplied). Appellee also relies on the judge's letter to the clerk, "Enclosed is an order *signed and entered,*" in addition to the following language of the order, *"signed and entered June 28,"* to show the appellate timetable began June 28th. Generally, we look to the interpretation of the language used in the relevant statutes, to-wit: Art. 44.01(d) which uses the date *entered by the court,* and TEX.R.APP.P. 41(b)(1), the date *signed,* to see which controls.

Without elaboration, the court of appeals ruled that TEX.R.APP.PROC. 41(b)(1) controls the instant case, implicating a conflict between the two provisions. Several rules of statutory interpretation are applicable to our analysis. We first attempt to harmonize statutory provisions containing appar-

---

**5.** Although the trial judge signed the order on June 28, the State proffers in its petition that the judge ordered the entry of record delayed until July 2 in order to allow proper notice to be given to all relevant parties, who resided in *different locations.* The judge's office was in Beaumont, the trial court in Brenham, the defense attorney in Houston, and the prosecutor was from Bryan.

**6.** We note that in Texas jurisprudence, the clerk is not required to *file* orders of the court. Orders are signed by the judge and *entered into the minutes* by the clerk. *Walker v. Harrison,* 597 S.W.2d 913 (Tex.1980).

ent conflicts, so as to give effect to each. See TEX.GOV'T CODE ANN. § 311.025(b) (harmonize if possible amendments to the same statute); and § 311.026(a) (where general provision conflicts with local or special law, construe if possible to give effect to each). In so doing, we will attempt to determine the legislative intent[7] in the enactment of 44.01(d), and then examine the relationship between 44.01(d) and Rule 41(b)(1) (amended 1989).

A close scrutiny of the language of 44.01(d) as compared with Rule 41(b)(1) invites a harmonizing interpretation. A basic tenet of statutory construction urges the interpretation of words and phrases in context, according to the rules of grammar and common usage. TEX.GOV'T CODE ANN. § 311.011(a). An exception to this rule exists where words and phrases have acquired a technical meaning, and they are to be construed accordingly. TEX.GOV'T CODE ANN. § 311.011(b). We are also guided by the interpretative instruction of Art. 3.01, V.A.C.C.P., to-wit: "All words, phrases and terms used in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined."

We are cognizant that this Court has long held that the signing of a judgment, ruling, or order is a function of the court separate and distinct from the entry of said judgment, ruling, or order into the records of the court.[8] However, this Court has not previously been confronted with the interpretation of the phrase "entry by the court" as it is used in Art. 44.01(d). Thus,

we deal now with a question of first impression, to-wit: the interpretation of Art. 44.01(d) in limiting the State's appeal to 15 days "after the date on which the order, ruling, or sentence to be appealed is *entered by the court.*" (emphasis added). Our focus therefore shifts from the meaning of "entry" or "entered" as it is used in reference to the duties of the clerk to its meaning in relation to action taken by "the court."

It is clear from our past decisions that the term "enter" has acquired a technical meaning when used in the context of entry of an order into the minutes of the court (see footnote 8). However, it has also come to commonly mean the act of *rendering* by a judge or justice. See *Joachim v. Chambers,* 815 S.W.2d 234 (Tex.1991) (Gonzalez, J., dissenting). In common usage and practice, the term "court" has been defined as a governmental department organized to administer justice, and is inclusive of both judge and jury. See BLACK'S LAW DICTIONARY 425 (4th ed.1968), citing *Houston Belt & Terminal Ry. Co. v. Lynch,* 221 S.W. 959 (Tex.Comm'n.App., 1920, holding approved). The words "court" and "judge" are frequently used in statutes interchangeably. Black's at 425. Further, when these terms are used in reference to orders made by the court or judge they are to be interpreted synonymously. *Id.,* and cases cited therein.[9]

Indeed, the date of actual entry into the court's record should be irrelevant vis-a-vis appeals by the State under Art. 44.01(d). Entry into the records of the court is merely ministerial in nature. *Wilson,* 677

---

**7.** See TEX.GOV'T CODE ANN. § 311.023(3) (statutory construction aids include legislative intent). Legislative intent is primarily determined by an examination of the bill history, tape recordings from committee hearings and floor debate, if available. We have thoroughly researched these investigatory tools and have found nothing definitive regarding the specific intent of the wording used in Art. 44.01(d), "entered by the court." However, we have found some aspects of the legislative background helpful to our analysis of the issue presented by the case at bar as reflected throughout our opinion.

**8.** See *Wilson v. State,* 677 S.W.2d 518, 522 (Tex. Cr.App.1984) (entered not synonymous with

signed but has fixed legal meaning referring to the ministerial act of the clerk in "spreading the court's judgment in the minutes of the court"); *Moore v. State,* 156 Tex.Crim. 615, 245 S.W.2d 491 (App.1952) (entered of record of judgment in criminal case means entered in the minutes of the court); *Westbrook v. State,* 753 S.W.2d 158 (Tex.Cr.App.1988), (trial judge's oral order denying bail was invalid because the order was not in writing and therefore not entered into the record within the required statutory time frame).

**9.** Webster's New Collegiate Dictionary 1977 includes the following in its definition of "court": "an official assembly for the transaction of judicial business"; "a judge or judges in session."

S.W.2d at 522. As a practical matter, a judge may never really know when a signed order, judgment, or ruling is physically entered into the record. There are no consistent deadlines for clerical entry into the record in the courts throughout Texas. To rule that an appeal must be made within a certain time period following entry into the record would serve a gross injustice to all litigants because none would be following the same timetable.

Finally, it is clear from the language of 44.01 that the legislature intended this statute to facilitate judicial economy. Section (f) states "The court of appeals shall give precedence in its docket to an appeal filed under Subsection (a) or (b) of this article." [10] Sections (a) and (b) define the specific situations under which the State may file an appeal. Following this rationale, if the State is allowed to file certain interlocutory appeals from pre-trial orders, the trial process will be significantly expedited by prompt disposition of such appeals. Since an order will always be "entered" by a judge before it is "entered" by a clerk, the first such entry is preferable for purposes of dispatch.

Taking into account both the terms "entered" and "court" in the phrase "entered by the court" in Art. 44.01(d), our reading of this phrase in the context of the statute as a whole leads to an interpretation that in this case the term "entered by the court" encompasses the signing of an order by the trial judge. Thus, "entered by the court" and "entered by the judge" are synonymous in the context of Art. 44.01.

On to the rules of Appellate procedure: Pursuant to statutory authority,[11] the Court of Criminal Appeals promulgated the Texas Rules of Appellate Procedure to govern post-trial, appellate and review procedure in criminal cases, effective September 1, 1986. The Court's intent in adopting the Rules of Appellate Procedure was not only to make allowance for certain criminal matters, but also to conform to the civil rules as much as practicable. We note that the Rule 41(b)(1) language *"signed* by the trial judge" parallels the language of Texas civil rule 41(a)(1), to wit: "... within thirty days after the judgment is *signed,* or within ninety days after the judgment is *signed...."* [12] Furthermore, the term "signature" as defined in the Code Construction Act "includes any symbol executed or adopted by a person *with present intent to authenticate* a writing." (emphasis added). See TEX.GOV'T CODE ANN. § 311.005(6) (general definitions including "signed"). Presumably when a judge signs an order or judgment, it is that person's present intent to authenticate the action taken.

■ Thus, a timetable based on the date of signature is a logical interpretation of Art. 44.01(d). Establishing a definite starting date for calculating appellate timetables serves the interests of all parties. We therefore find *no conflict between Art.* 44.-01(d), V.A.C.C.P., and TEX.R.APP.PROC. 41(b)(1) (amended 1989).

■ For the above reasons, we would be inclined to find that the court of appeals reached the proper conclusion in dismissing the State's appeal as untimely filed because it was filed later than 15 days after date of entry by the trial court, i.e., the date of signature by the trial judge. However, the facts in this case dictate a different resolution. As stated *infra,* the trial judge sent a letter with his order in this cause directing the district clerk of Washington County

---

10. Sections (a) and (b) of Art. 44.01 define the specific situations under which the State may file an appeal.

11. See Acts 1985, 69th Leg., Ch. 685, p. 5136, §§ 1–4 (authorizing the Court of Criminal Appeals to promulgate rule of procedure and evidence in criminal cases).

12. This language is also the same as, and was derived from, that used in former Art. 44.08(c), V.A.C.C.P., which stated:

For the purpose of this article, "sentencing" means the date the sentence is imposed or suspended in open court or the date the other appealable order is *signed by the trial judge.* (emphasis added)
Acts 1981, 67th Leg., p. 814, ch. 291, § 127, eff. Sept. 1, 1981. Repealed by Texas Rules of Appellate Procedure effective September 1, 1986 (Acts 1985, 69th Leg., ch. 685, § 4).

to "file this order of record on Monday, July 2, 1990." The order reflects it was "[s]igned and entered June 28, 1990[,]" but a paragraph on the last page of the order cannot be overlooked. There, the judge states in his order:

> Should the State elect to appeal this order pursuant to Art. 44.01 C.C.P. and Article 5, Section 26 of the Texas Constitution, this order will be stayed pending the outcome of such an appeal. This order is to be entered of record by the District Clerk on Monday, July 2, 1990 and will become final 15 days thereafter. *Art. 44.01(d) C.C.P.* (emphasis added).

We read this reference to Art. 44.01(d) following an entry date of July 2, 1990, to say that the State "may not make an appeal ... later than the 15th day after" July 2, 1990. This entry therefore evidences that the judge actually authenticated the document as of July 2, 1990, not June 28, 1990, the date he actually signed the order. While this "post dating" of the signing of the order is unusual, we know of no prohibition against a trial judge, under the (admittedly slippery) concept of inherent power of the court, doing so.[13] Under this reading, the State timely filed its notice of appeal, and the court of appeals erred in dismissing the State's appeal.

Thus, although we determine that the appellate timetable for the State under Art. 44.01(d) begins running from the date the trial judge signs his or her order, under the peculiar facts of this case we are compelled to find the State's filing of notice of appeal was timely even though filed more than 15 days after Judge Gist's actual signing of the order.

The judgment of the court of appeals is reversed, and this cause is remanded to that court for consideration of the State's points of error on appeal.

CLINTON, J., concurs in the result.

13. The document would be more properly authenticated if the order stated it was "signed and entered" by the judge on July 2, 1990 instead of June 28, 1990.

BAIRD, Judge, concurring.

I agree with the majority's conclusion that the Court of Appeals erred in holding the State's notice of appeal was untimely. However, I would so hold for different, and hopefully more straightforward, reasons than those expressed by the majority. Accordingly, I concur only in the judgment of the Court.

Under Tex.Code Crim.Proc.Ann. art. 44.01(d), the State may not make an appeal "later than the 15th day after the date on which the order, ruling, or sentence to be appealed is *entered by the court.*"[1] The Legislature has limited appellate jurisdiction for the State's appeal by imposing the fifteen day deadline.

On the other hand, Tex.R.App.Pro. Rule 41(b)(1) generally defines when appeal is perfected; specifically, the State's appeal is perfected when notice of appeal is filed within fifteen days after "an appealable order is *signed by the trial judge.*" Thus, if "entered by the court" means something different than "signed by the trial judge," the two provisions are inconsistent. For the following reasons, I believe those two terms are substantively different because the term "entered" is not synonymous with the term "signed," but rather "has a definite fixed legal meaning and refers to the ministerial act of the clerk." *Wilson v. State,* 677 S.W.2d 518, 522 (Tex.Cr.App. 1984).

The majority's interpretation that "entered" means when the judge signs an order is inconsistent with long-standing precedent. *Jones v. State,* 795 S.W.2d 199, 201 (Tex.Cr.App.1990); *Wilson v. State,* 677 S.W.2d 518, 522 (Tex.Cr.App.1984); *Villarreal v. State,* 166 Tex.Crim. 610, 317 S.W.2d 207 (App.1958); *Hopkins v. State,* 151 Tex.Crim. 304, 207 S.W.2d 626 (App. 1948); *Ex parte Logan,* 151 Tex.Crim. 129, 205 S.W.2d 994, 995 (App.1947); *State v. Macias,* 791 S.W.2d 325, 328 (Tex.App.—San Antonio 1990, pet. ref'd); *Flores v. Onion,* 693 S.W.2d 756, 758 (Tex.App.—

1. All emphasis, unless otherwise indicated, is supplied by the author.

San Antonio 1985, no pet.); *Eastin v. Eastin*, 588 S.W.2d 812, 814 (Tex.Civ.App.—San Antonio 1979, pet. dism'd); *Ex parte Gnesoulis*, 525 S.W.2d 205, 209 (Tex.Civ.App.—Houston [14th] 1975, no pet.).

The language used by the Legislature in art. 44.01(d), "entered," is a legal term of art which is well defined in our jurisprudence, and should control in the instant case. Texas appellate courts, in various contexts, have repeatedly defined the term "entered" to mean the clerical act of entry into the record. Three areas are illustrative. First, in the context of a judgment in a criminal case, "entered" of record means entered in the minutes of the court. *Wilson*, 677 S.W.2d at 522 (Tex.Cr.App.1984). See also *Jones v. State*, 795 S.W.2d 199 ("rendition" of judgment is an event which "entry" of judgment records); *Macias*, 791 S.W.2d 325 ("rendition" of judgment is distinguishable from "entry" of judgment, which is "the ministerial act which furnishes enduring evidence of the judicial act of rendition."); *Ex parte Gnesoulis*, 525 S.W.2d 205, 209.

Second, in the context of notice of appeal under a predecessor statute, this Court has defined the term "entered" to mean "entered in the minutes of the court." *Hopkins*, 207 S.W.2d 626. Thus, "entry" of record means "the recording of the notice of appeal in the minutes of the court." *Ex parte Logan*, 205 S.W.2d at 995. Where a docket entry of notice of an appeal was entered into minutes of the court, notice of appeal was "entered" of record. *Villarreal*, 317 S.W.2d 207.

Third, in the civil context, signing an order is the rendition of the order, whereas the "entry" of the judgment is the "ministerial act which furnishes enduring evidence of the judicial act of rendition." *Flores*, 693 S.W.2d at 758, citing *Eastin v. Eastin*, 588 S.W.2d at 814. Clearly, the term "entered" has historically meant something different from signing an order or judgment. Thus, the date an order is "signed" may not necessarily be the same date the order is "entered" because the term "entered" is not synonymous with the term "signed," but rather "has a fixed legal meaning and refers to the ministerial act of the clerk." *Wilson*, 677 S.W.2d at 522.

Instead of attempting to make "entered by the court," pursuant to art. 44.01(d), consistent with Rule 41(b)(1)'s "signed by the trial judge," I believe that the better approach would be to conclude that the specific provisions of art. 44.01(d) control.[2]

First, art. 44.01(d), which speaks in terms of "entered," is a statute binding on this Court. Laws passed by the Legislature are binding on this Court, and this Court is not empowered to enact rules which are inconsistent with the laws passed by the Legislature.[3] Second, art. 44.01(d) takes precedence over Rule 41. Article 44.01(d) is a specific statute dealing with the State's right to appeal and the appellate jurisdiction deriving therefrom. However, Rule 41, entitled "Ordinary Appeal—When Perfected," includes references to civil appeals, criminal appeals, extensions of time, and includes a subsection entitled "Prematurely Filed Documents." Therefore, Article 44.01(d) is a specific statute which takes precedence over the more general provisions contained in Rule 41. Tex.Gov't Code Ann. § 311.026.

Last, there is a disturbing outcome from the majority's misconstruction of the term "entered by the court." That is, the majority's misinterpretation grants trial judges the "admittedly slippery" "inherent power" of extending appellate jurisdiction. Majority op. at 403. The majority initially interprets "entered by the court" to be the day the judge signs the order. However, the

---

**2.** Perhaps the gist of the problem is the language chosen by this Court in promulgating Rule 41, as it was facially inconsistent with Tex.Code Crim.Proc.Ann. art. 44.01(d).

**3.** The Texas Constitution provides that the legislature may delegate to the Supreme Court with the power to promulgate "rules of administration *not inconsistent* with the laws of the state."

Tex.Const. Art. V §§ 31(a). The Legislature has empowered the Supreme Court to do so in Tex. Gov't Code Ann. § 74.024. Before the Supreme Court adopts rules affecting the administration of criminal justice, the Supreme Court shall request the advice of the Court of Criminal Appeals. Tex.Gov't Code Ann. § 74.024(b).

majority retreats from that newfound interpretation and concludes that although the appellate timetable began the date of signing, June 28, 1990, the judge could extend the fifteen day time limitation simply by noting in the order that the State could appeal from the order within fifteen days *after the clerk entered the order into the record.* This result allows the trial judge to extend appellate jurisdiction beyond the fifteen days mandated by the Legislature.

The majority cites no authority for this proposition because there is none. This "inherent power" concept is in contravention of Tex.R.App.Pro. 2(a), which states the Rules of Appellate Procedure "shall not be construed to extend or limit the jurisdiction of the courts of appeals, the Court of Criminal Appeals or the Supreme Court as established by law." The majority's "admittedly slippery" concept could be avoided by simply interpreting "entered by the court" consistent with our past opinions.

In short, I find it far wiser to hold that the State is entitled to appeal from an order fifteen days after the "order is entered by the court," Tex.Code Crim.Proc. Ann. art. 44.01(d); that is, fifteen days after the date the signed order is file marked by the clerk. Because the order in the case at bar was not entered into the record until July 2, 1990, and the State filed its notice of appeal within fifteen days "after the date on which the order" was entered, the State timely filed its notice of appeal, and the Court of Appeals erred in dismissing the State's appeal.

With these comments, I concur in the judgment of the Court.

McCORMICK, P.J., joins this opinion.