NUMBER 13-04-209-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


PEDRO BAZAN, Appellant,


v.
 


DIANA CANALES, ET AL., Appellees.

 


On appeal from the 332nd District Court of Hidalgo County, Texas.


 


O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Castillo 


Opinion by Chief Justice Valdez


 

 Appellant, Pedro Bazan, brings a restricted appeal of a dismissal for want of
prosecution entered by the trial court. Tex. R. App. P. 30. By three points of error,
Bazan claims that: (1) he is entitled to a complete and accurate record on appeal; (2)
the trial court erred by failing to consider and rule on his Rule 306a motion and motion
to reinstate, including failing to set an oral hearing and grant said motions; and (3) the
trial court erred in dismissing the case for want of prosecution because the court had
decided the merits of the case and refused to sign a final judgment. No response to
Bazan's appeal was filed. We reverse the trial court's dismissal for want of prosecution
and remand to the trial court for further proceedings.

I. Procedural Facts and Background

 On May 13, 1994, Pedro Bazan filed a personal injury lawsuit against Diana V. de
Canales, individually, and as owner of Diana's Interiors, and against Stylianos Vackimes. 
Both defendants answered. A hearing was held on September 9, 1994, at which Bazan
and his counsel were the only attendees. At the hearing, Bazan testified that he suffered
a back injury on de Canales's property. Bazan stated that while he was moving a washer
and dryer to the second floor of de Canales's building, the staircase broke and, as a result,
he sustained a back injury. While Bazan gave some testimony regarding damages, his
counsel insisted that the court rule only on liability; Bazan's attorney stated that damages
would be presented later. The court orally granted a default judgment to Bazan against
de Canales on liability and a severance as to Stylianos Vackimes. The clerk's record does
not include a severance order but does include an order nonsuiting Vackimes, signed on
April 24, 1996.

 On September 23, 1999, a second hearing was held. Again, only Bazan and his
counsel appeared. At this hearing, Bazan testified that he had suffered a lower back injury
and as a result of the injury, had sustained medical expenses in excess of $7,000. Nine
exhibits relating to Bazan's medical expenses were admitted into evidence; however, they
are not in court reporter's record. Bazan asked the court to award him damages for his (1)
medical expenses; (2) past, present, and future pain and suffering in the amount of
$250,000; (3) emotional distress in the amount of $750,000; (4) lost wages in the amount
of $100,000; and (5) future medical expenses in the amount of $20,000. The court orally
granted a default judgment for the damages in the amounts that Bazan stated and asked
Bazan's counsel to provide the court with an order. The clerk's record contains no such
order.

 On December 5, 2003, the court signed an order of dismissal for want of
prosecution. Neither a pre-dismissal notice nor a post-dismissal notice are in the clerk's
record. The next entry in the clerk's record is a letter, dated December 15, 2003, from
Bazan to the trial judge requesting a final written order on the case. Bazan's letter advised
the court that he had removed his trial counsel and intended to proceed pro se. On March
22, 2004, Bazan filed two motions with the trial court. The first motion is titled "Plaintiff's
notice of the actual date he acquired knowledge of the judgment for dismissal, and motion
to apply paragraph 4 of Rule 306a." The second motion is simply titled, "Plaintiff's motion
to reinstate." Both motions are verified by Bazan and state that he did not receive notice
of the trial court's intent to dismiss his action. Nor did he receive notice of dismissal after
it was signed. According to Bazan, he first received notice of the dismissal on March 10,
2004, when he received an order from this Court dismissing a petition for writ of mandamus
for want of jurisdiction. (1)

II. Analysis

 To prevail on his restricted appeal, Bazan must establish that: (1) he filed notice of
the restricted appeal within six months after the judgment was signed; (2) he was a party
to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the
judgment complained of and did not timely file any postjudgment motions or requests for
findings of fact and conclusions of law; and (4) error is apparent on the face of the record. 
Tex. R. App. P. 26.1(c), 30; Quaestor Invs., Inc. v. State of Chiapas, 997 S.W.2d 226, 227
(Tex. 1999). Only the fourth element is at issue.

 In reviewing the record, this Court's attention is drawn to two hearings held on
September 9, 1994 and April 23, 1999. At the 1994 hearing, the trial court orally
pronounced a default judgment in favor of Bazan on the liability issue of his cause of
action. See Tex. R. Civ. P. 239. At the 1999 hearing, Bazan testified as to the damages
he had sustained and offered several exhibits to the court. (2) A default judgment was orally
pronounced in favor of Bazan "on damages in the amount requested by the plaintiff." The
trial court then asked Bazan's attorney to provide an order to the court for signature. There
is no indication that the trial court intended to take the matter under advisement or render
judgment at a later time. 

 A default judgment in favor of Bazan was rendered orally in open court on
September 9, 1994 and again on April 23, 1999. Four steps usually occur in the rendition
and entry of a judgment: (1) the announcement of the judgment, either orally in open court
or by some memorandum filed with the clerk, sometimes called the "rendition;" (2) the
notation on the docket; (3) the signing of the judgment, also sometimes called "rendition,"
where the judge signs a written draft of the judgment used to calculate appellate time limits;
and (4) entry of the judgment in the court's minutes, where a signed draft of the judgment
is placed in the custody of the trial court clerk, sometimes called "filing," and where the
clerk places a copy of the judgment in the court's official record, which is its minutes. See
Ortiz v. O.J. Beck & Sons., Inc., 611 S.W.2d 860, 863-64 (Tex. Civ. App.-Corpus Christi
1980, no writ); 5 Roy W. McDonald & Elaine A. Carlson, Texas Civil Practice § 27:9
(1999); see also Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56, 59 (Tex. 1970) (A
judgment is rendered whenever the judge officially announces his decision in open court,
or files a memorandum with the clerk.). In Bazan's case, the first step was completed, but
steps two through four were not completed when the trial court dismissed the case.

 The trial court's oral rendition of a default judgment is final because it disposed of
all parties and issues and was not modified, corrected, or reformed within the prescribed
time. Cf. Chase Manhattan Bank, N.A. v. Lindsay, 787 S.W.2d 51, 53 (Tex. 1990) (The
presumption that a final judgment disposes of all parties and issues before the court after
a trial on the merits does not apply to default judgments and summary judgments.); Tex.
R. Civ. P. 329b. Before rendering the default judgment, the trial court signed an order
nonsuiting Vackimes. At the April 23, 1999 hearing, the trial court orally granted Bazan
all of the damages he asked for in his original petition. (3) On the face of the record, all
parties and issues in this case were disposed of as of April 23, 1999, the date a final
default judgment was rendered.

 A trial court cannot dismiss an action for want of prosecution after it has rendered
a final judgment. After the judgment becomes final, it can be altered only if the evidence
shows that a clerical error, rather than a judicial error, caused the official records of the
court to reflect inaccurately the judgment actually rendered. See Dibrell, 450 S.W.2d at
56. A trial court cannot dismiss an action for want of prosecution after rendition of a final
judgment, because there is nothing left to be done except the memorialization of the
judgment. Williams v. Wyrick, 245 S.W.2d 961, 962 (Tex. 1952); Flores v. Onion, 693
S.W.2d 756, 758 (Tex. App. - San Antonio 1985, no writ) (Entry of judgment is merely a
ministerial act that furnishes enduring evidence of rendition.). 

III. Conclusion

 Without reaching Bazan's other two issues, we reverse the trial court's judgment
dismissing the case for want of prosecution and remand for further proceedings consistent
with this opinion. Tex. R. App. P. 47.1; 43.2 

 

 _______________________

 ROGELIO VALDEZ

 Chief Justice



Dissenting Opinion by Justice Errlinda Castillo.

 

Opinion delivered and filed this

the 24th day of August, 2006.

 

 
1. Cause No. 13-04-00043-CV was dismissed for want of jurisdiction on March 5, 2004. 
2. Those exhibits are not included in the court reporter's record.
3. In his original petition Bazan prayed for pre- and post-judgment interest along with court costs. 
However, he did not request such interest or costs at the April 23, 1999 hearing, and, therefore they were not
granted in the default judgment.