# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00518-CR

**Olarinde Ayodeji Owoputi, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF TRAVIS COUNTY
### NO. D-1-DC-10-205345, HONORABLE MIKE DENTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Olarinde Ayodeji Owoputi filed a notice of appeal stating that he desired to appeal the following "appealable order": "the trial court's adverse rulings handed down on July 11, 2011, denying the Appellant's (1) Motion to Withdraw Plea of Guilty; and (2) Application for Writ of Habeas Corpus pursuant to Texas Code of Criminal Procedure §§ 11.01, 11.08, and 11.09." In criminal cases, this Court has jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written, signed order from which to appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 258-59 (Tex. Crim. App. 2012) (noting that "our precedent requires that an order be in writing"); *see also State v. Rosenbaum*, 818 S.W.2d 398, 401-02 (Tex. Crim. App. 1991) (holding that trial court "enters" order for purposes of appellate timetable when judge signs order).

The record before us contains only a written, signed order on Owoputi's motion to withdraw his plea of guilty, which is not separately appealable from the order of deferred adjudication. *See generally* Tex. Code Crim. Proc. art. 44.02 (permitting defendant to appeal only as provided under the rules); *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999) (holding that defendant placed on deferred adjudication community supervision may raise issues relating to original plea proceeding only in appeals taken when deferred adjudication community supervision is first imposed); *Labib v. State*, 239 S.W.3d 322, 331-32 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (holding that motion to withdraw guilty plea may be filed while defendant is on deferred adjudication and reviewing denial for abuse of discretion in appeal of order deferring adjudication). There is no signed order on Owoputi's application for writ of habeas corpus. We note, however, that the reporter's record from the hearing held on the application for writ of habeas corpus and the motion to withdraw a plea of guilty contains an oral ruling denying both motions. Accordingly, we abate this cause and remand it to the trial court for entry of a signed order on the application for writ of habeas corpus.

Once entered, the signed order shall be included in a supplemental clerk's record and filed with this Court no later than February 27, 2014. *See* Tex. R. App. P. 44.4(b) (requiring appellate court to direct trial court to correct remediable error that prevents proper presentation of appeal).

Before Justices Puryear, Goodwin and Field

Abated

Filed: February 12, 2014

Do Not Publish

2