

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00252-CV

IN RE PEDISON USA, INC. AND                                    RELATORS
DICKSON EWEMADE

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 048-263530-13

----------

## DISSENTING MEMORANDUM OPINION[1]

----------

A trial court possesses a ministerial duty to rule upon a motion filed and pending before it; mandamus may issue to compel the trial court to rule. *See, e.g., In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding). A trial court abuses its discretion by

---

[1]*See* Tex. R. App. P. 47.4.

failing to rule when the trial court had a legal duty to perform a nondiscretionary act, was asked to perform the act, and failed or refused to do so. *See Shredder Co.*, 225 S.W.3d at 679; *Hearn*, 137 S.W.3d at 685; *Safety–Kleen Corp.*, 945 S.W.2d at 269.

Relators Pedison USA, Inc. and Dickson Ewemade are third-party defendants in the underlying litigation. They seek mandamus relief based, in part, on the trial court's failure to rule on their motion to sever and transfer venue.[2] Despite the fact that Relators' motion has been pending over six months, despite two written requests by Relators that the trial court rule on their motion, and despite an upcoming August 1, 2016 trial setting, the trial court has not ruled on Relators' motion to sever and transfer venue. The trial court's failure to rule and to sign a written order prevents this court from considering the merits

[2]To the extent Real Parties in Interest claim that the trial court verbally ruled on Relators' motion to sever and transfer venue, the trial court still possess a ministerial duty to sign a written order. Rendition occurs when the judge's decision is officially announced, orally or in a docket notation. *See W.C. Banks, Inc. v. Team, Inc.*, 783 S.W.2d 783, 785 (Tex. App.—Houston [1st Dist.] 1990, no writ). The subsequent reduction of a ruling to a written order signed by the court is a purely ministerial act. *See, e.g.*, *Flores v. Onion*, 693 S.W.2d 756, 757–58 (Tex. App.—San Antonio 1985, orig. proceeding) (conditionally granting writ of mandamus requiring trial court to sign a "formal, typed decree" in accordance with previously rendered handwritten consent decree because signing of formal decree was merely ministerial act). A trial court's refusal to sign a written order reflecting its ruling is mandamusable when the trial court has been specifically asked to do so and fails to do so within a reasonable time. *See, e.g.*, *In re Nixon*, No. 05-15-00263-CV, 2015 WL 1346137, at *2 (Tex. App.—Dallas Mar. 25, 2015, orig. proceeding) (mem. op.) (conditionally granting writ of mandamus requiring trial court to sign a written order even though trial court had verbally ruled and had made docket entry); *see also Shredder Co.*, 225 S.W.3d at 679; *Hearn*, 137 S.W.3d at 685; *Safety–Kleen Corp.*, 945 S.W.2d at 269.

of Relators' petition for writ of mandamus.  *See* Tex. R. App. P. 52.3(k)(1)(A) (requiring relator to attach a certified or sworn copy of order complained of); *In re Reynolds*, 369 S.W.3d 638, 647 (Tex. App.—Tyler 2012, orig. proceeding) (recognizing denial of motion to sever and transfer venue is reviewable by mandamus).

After reviewing Relators' petition for writ of mandamus and the response of Real Parties in Interest, I would conditionally grant a writ of mandamus—to the extent Relators seek a written order reflecting a ruling on their motion to sever and transfer venue—requiring the trial court to sign a written order ruling on Relators' motion to sever and transfer venue on or before July 29, 2016.  *See* Tex. R. App. 52.8(b).  Because the majority does not, I respectfully dissent.

/s/ Sue Walker
SUE WALKER
JUSTICE

DELIVERED:  July 27, 2016

3