

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-22-00195-CR

THE STATE OF TEXAS, APPELLANT

V.

DANIEL CASTILLO, APPELLEE

On Appeal from the 274th District Court
Hays County, Texas
Trial Court No. CR-22-1417-D, Honorable William R. Henry, Presiding

February 28, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pending before this Court is an interlocutory appeal filed by the State of Texas pursuant to article 44.01(a)(1) of the Texas Code of Criminal Procedure.[1] By two issues, the State challenges the trial court's pretrial order dismissing Count I of an indictment

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3

charging Appellee, Daniel Castillo, with aggravated robbery. For the reasons expressed herein, we dismiss this purported appeal for want of jurisdiction.

A State's right to appeal is a statutorily created right. TEX. CODE CRIM. PROC. ANN. art. 44.01. In the underlying case, the trial court dismissed Count I of a two-count indictment. Thus, the State had a right of appeal under article 44.01(a)(1). Article 44.01(d) provides a twenty-day deadline for the State to appeal a trial court's "order, ruling, or sentence" "*entered by the court.*" "Entered by the court" has been construed as a *signed* appealable order. *See State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991) (Emphasis added). *See also State v. Wachtendorf*, 475 S.W.3d 895, 899 (Tex. Crim. App. 2015); *State v. Sanavongxay*, 407 S.W.3d 252, 258-59 (Tex. Crim. App. 2012). The signing of an order is the triggering event to begin the time period in which to file a notice of appeal.

In the underlying case, the State filed a premature notice of appeal on June 3, 2022, from the trial court's pretrial ruling dismissing Count I of the indictment. The notice recites that as of the filing date, "no written order has been filed or entered." Rule 27.1(b) of the Texas Rules of Appellate Procedure provides for the filing of a premature notice of appeal in criminal cases which becomes effective and is deemed filed on the same day, but after, "the appealable order is signed by the trial court . . . ."

After this appeal was submitted on the briefs of the parties, it came to this Court's attention that no appealable order has been signed by the trial court. Consequently, we have no alternative but to dismiss this appeal for want of jurisdiction. *Cf. Holt v. State*, No. 03-19-00468-CR, 2019 Tex. App. LEXIS 10869, at *1 (Tex. App.—Austin Dec. 17,

2

2019, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction due to no signed written order).

Per Curiam

Do not publish.