**Dismissed and Memorandum Opinion filed June 6, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00363-CV

**TIPTON S. MCMAHON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1272892**

## MEMORANDUM OPINION

Appellant, Tipton S. McMahon, appeals an order of recommitment following acquittal by reason of insanity signed and entered on March 8, 2022. *See* Tex. Code Crim. Proc. Ann. art. 46C.270(b)(3). Appellant's notice of appeal states that the order was "handed down" on April 18, 2022, and the docket sheet reflects that the trial court ordered Appellant recommitted on April 18, 2022. However, the signed order in our record shows that it was signed and entered on March 8, 2022. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (in

discussing State's statutory right to appeal pretrial suppression order, court of criminal appeals stated that "our precedent requires that an order be in writing"); *see also State v. Rosenbaum*, 818 S.W.2d 398, 401-02 (Tex. Crim. App. 1991) (en banc) (holding that for purposes of appeal, trial court "enters" an order when it signs the order). Appellant did not file a timely motion for new trial. Thus, his notice of appeal was due by April 7, 2022. *See* Tex. R. App. P. 26.2(a)(1).

A court of appeals may grant an extension of time to file a notice of appeal if, within 15 days after the deadline for filing the notice of appeal, the party files (1) the notice of appeal in the trial court, and (2) a motion for extension of time in the court of appeals. *See* Tex. R. App. P. 26.3; *see also* Tex. R. App. P. 10.5(b)(2) (governing motion for extension of time to file notice of appeal). Here, the fifteenth day after April 7, 2022, was April 22, 2022. But Appellant filed his notice of appeal on May 17, 2022 — a date that is not within 15 days of the due date.

A notice of appeal that complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc). When a notice of appeal is not filed within the 15-day period, the court of appeals can take no action other than to dismiss the appeal for lack of jurisdiction. *See id.*

On June 24, 2022, we notified the parties that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that this court has jurisdiction. After we issued that notice, we determined that the trial court had not yet appointed appellate counsel. We abated the appeal for appointment of counsel. On August 9, 2022, the trial court appointed counsel. On August 18, 2022, we reinstated the appeal and issued another notice that the appeal would be dismissed for lack of jurisdiction unless a party demonstrated that this court has jurisdiction.

2

Appellant's counsel did not file a response to our notice.

On September 26, 2022, Appellant filed his appellate brief in which he did not address jurisdiction. On December 29, 2022, the State filed its appellee's brief; it also filed a motion to dismiss the appeal for want of jurisdiction contending Appellant failed to timely file his notice of appeal within 10 days after the trial court signed the March 8, 2022 order citing Texas Health and Safety Code section 574.070. *See* Tex. Health & Safety Code Ann. § 574.070(b). On January 24, 2023, we requested a response from Appellant to the State's motion to dismiss. Appellant's counsel failed to file a response. On April 14, 2023, we again requested a response to the State's motion to dismiss. Appellant filed a response on April 24, 2023, in which he did not dispute his late-filed notice of appeal.

Because Appellant failed to timely file a notice of appeal and comply with the requirements of Texas Rule of Appellate Procedure 26, we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction.[1]

/s/    Meagan Hassan
       Justice

Panel consists of Justices Bourliot, Hassan, and Wilson.

---

[1] In light of our disposition, we overrule the State's motion to dismiss as moot.