# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-26-00308-CR
NO. 03-26-00309-CR
NO. 03-26-00310-CR
NO. 03-26-00311-CR
NO. 03-26-00312-CR

**The State of Texas, Appellant**

**v.**

**Brent William Curry, Appellee**

## FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NOS. CR2020-667D, CR2022-063D, CR2024-715D, CR2025-1022D, CR2025-1023D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State filed notices of appeal from "any Trial Court Orders, Rulings, and Bail Determinations." *See* Tex. Code Crim. Proc. art. 44.01(a)(7). The State says that in at least three of these failure-to-appear cases, the trial court orally granted "PR bonds" to appellee, and that appealable orders "were apparently entered on or about March 11, 2026." The Code of Criminal Procedure allows the state's appeal of a court order granting bail in an amount that a prosecuting attorney considers insufficient. *Id.* The time for a prosecuting attorney's appeal begins on the date that the order or ruling to be appealed is "entered by the court," *id.* art. 44.01(d), meaning from "the signing of an order by the trial judge." *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991); *State v. Abduljabbar*, No. 03-24-00708-CR, 2025 WL 492507, at *6

(Tex. App.—Austin Feb. 14, 2025, no pet.) (mem. op., not designated for publication). The clerk's records do not contain any written trial-court orders granting PR bonds to appellee.

However, the reporter's record of a March 11 bond-reduction hearing for three of these cases contains the trial court's approval of such bonds: "I'll approve the personal bonds, but with the condition to include GPS monitoring to be paid for by the defendant." *Cf. Abduljabbar*, 2025 WL 492507, at \*6-7 (declining state's request for abatement of its appeal and concluding that there was no existing order to be memorialized in writing on remand where trial court stated on record that it had not signed any order and was withholding any ruling). Under the circumstances presented, we abate these appeals and remand these causes to the trial court for entry of signed orders memorializing its oral ruling approving personal bonds on appellee's motions for bail reduction.

It is ordered April 3, 2026.


Before Chief Justice Byrne, Justices Theofanis and Ellis

Abated and Remanded

Filed:   April 3, 2026

Do Not Publish