# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00476-CR

**The State of Texas, Appellant**

**v.**

**Abel Valdez, Appellee**

---

**FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
NO. CR2024-477D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas filed its notice of appeal from "any Trial Court Orders or Rulings in which the Trial Court suppressed evidence related to Defendant/Appellee's upcoming trial." *See* Tex. Code Crim. Proc. art. 44.01(a)(5). The State says that the trial court indicated on the record during July 28, 2025 proceedings that it would suppress certain surveillance-video evidence. The Code of Criminal Procedure allows the state's appeal of a court order that "grants a motion to suppress evidence." *Id.* The time for a prosecuting attorney's appeal begins on the date that the order or ruling to be appealed is "entered by the court," *id.* 44.01(d), meaning from "the signing of an order by the trial judge." *State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991); *State v. Abduljabbar*, No. 03-24-00708-CR, 2025 WL 492507, at *6 (Tex. App.— Austin Feb. 14, 2025, no pet.) (mem. op., not designated for publication). The Comal County

district clerk's office informed this Court that the record of this cause contains no such written suppression order.

However, the reporter's record taken July 28, 2025, when the underlying case was initially called for trial, contains discussion about a surveillance video that the State requested the week before but had not yet received, and the trial court's ruling suppressing that evidence: "And ultimately, if you want [the video] in, you can admit it, but I'm going to suppress it as evidence on behalf of the State." *Cf. Abduljabbar*, 2025 WL 492507, at \*6-7 (declining state's request for abatement of its appeal and concluding that there was no existing order to be memorialized in writing on remand where trial court stated on record that it had not signed any order and was withholding any ruling). Under the circumstances presented, we abate this appeal and remand this cause to the trial court for entry of a signed order memorializing its oral ruling suppressing evidence. A clerk's record containing the signed order shall be filed with this Court no later than July 3, 2026.

It is ordered on June 3, 2026.

Before Chief Justice Byrne, Justices Theofanis and Ellis

Abated and Remanded

Filed:   June 3, 2026

Do Not Publish

2