**In re Stephen Clay JOHNSTON.**

**No. 06–02–00040–CV.**

Court of Appeals of Texas, Texarkana.

Submitted May 23, 2002.

Decided May 24, 2002.

Stephen Clay Johnston, Beaumont, pro se.

Wm. H. Harris, Asst. County Atty., Gary L. Waite, Asst. County Atty.-Appellate Section, Paris, for real party in interest.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

Stephen Clay Johnston has filed a petition seeking a writ of mandamus. Johnston filed a motion seeking forensic DNA testing with the trial court in which he was convicted. He has appeared before this Court previously in connection with this same proceeding, in Cause Number 06–02–00017–CV. In that petition, Johnston asked this Court to order the trial court to rule on his motion for DNA testing.

In our opinion, on February 20, 2002, we pointed out that Johnston had provided this Court with no information to show when he filed the motion, whether he complied with the requirements of the Texas Code of Criminal Procedure in seeking relief, whether the prosecutor had responded to his motion, or the date on which it was tendered to the trial court. We acknowledged that case authority provides mandamus will lie to require a trial court to rule on a motion within a reasonable period of time, but held that, under the state of the record provided, we could not determine that Johnston was entitled to a writ of mandamus directing the court to rule.

Three months have now elapsed. Johnston again appears before this Court by petition for writ of mandamus and again complains the trial court has not ruled on

his motion. He has attached a file-marked copy of his motion and the State's response to this petition. His motion was filed September 6, 2001. The State filed its response October 17, 2001.

In its response to Johnston's petition for writ of mandamus, the State has informed this Court that the Honorable Jim Lovett of the 6th Judicial District Court denied Johnston's motion for DNA testing. The State acknowledges the record does not reflect when this occurred, and we have been informed by the district clerk's office that no order has ever been entered in this matter. The State has not responded to the petition on its merits, but instead refers this Court to its response on the merits of the motion for DNA testing which it filed with the trial court.

The issue immediately before this Court is not the merits of the trial court's decision. The problem with which we are faced is the undisputed fact that the trial court did not render a written order ruling on the motion. TEX.CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp.2002) specifically provides for an appeal from the trial court's finding under TEX.CODE CRIM. PROC. ANN. arts. 64.03, 64.04 (Vernon Supp.2002). Under typical circumstances, an appeal may not be taken from an oral disposition in any context. The rules of appellate procedure presuppose that a written order or judgment is in existence and set up various timetables based on that written determination. The article at bar, however, does not provide any detail about how such an appeal is to be pursued; it does not set out a timetable for such an appeal; it does not set out when such a timetable is to commence; it does not specify whether the defendant may appeal, or the state, or both; and it also does not state that a written order is necessary. Further, if the trial court orders DNA testing under Article 64.03 and an appeal is taken from that

order, the statute does not provide that the testing be stayed pending that appeal.

■ In addition, Article 64.03(c) specifically states that, if a court finds in the affirmative, it must order the testing conducted. The statute does not specifically require that an order be made if the court does not find that testing should be conducted. However, because the defendant has a right to appeal from a finding under the article, and since any appeal must be from an order or judgment, it is necessarily implied that the trial court must make a written order in either circumstance.

■ An additional question is the nature of the required order. The type of order involved is obviously not interlocutory, and we find nothing to suggest that this type of order is accelerated in nature. Thus, we conclude that the finding on DNA testing is an appealable order as set out by TEX. R.APP. P. 25.2. As such, an appeal must be filed under TEX.R.APP. P. 26.2(a) within thirty days after the day the court enters an appealable order.

The next question is what *"entering"* an order consists of. The rule specifically states that (unlike an appeal from the imposition of sentence), an appeal from an order is to be made within thirty days after the date the court enters that order. The Texas Court of Criminal Appeals addressed the meaning of the phrase "entered by the court" in *State v. Rosenbaum,* 818 S.W.2d 398 (Tex.Crim.App.1991). In *Rosenbaum,* the issue was whether the state's notice of appeal was timely. The court analyzed a seeming conflict between Article 44.01(d) of the Texas Code of Criminal Procedure, which required the notice of appeal to be filed within fifteen days of the date the order is entered, and former Texas Rule of Appellate Procedure 41(b)(1) (Vernon 1997), which required the state's notice to be filed within fifteen days of the date the judge signed the appealable

order, and interpreted the phrase "entered by the court" as encompassing the signing of an order by the trial judge. *Rosenbaum*, 818 S.W.2d at 402. The court concluded that the time for filing the state's notice of appeal ran from the date the trial judge signed the appealable order. *Id.* at 402–03; *State v. Shaw*, 4 S.W.3d 875, 877–78 (Tex.App.-Dallas 1999, no pet.) (holding that state's appeal under Article 44.01 must be from written order signed by trial judge); *State v. Acosta*, 948 S.W.2d 555, 556 (Tex.App.-Waco 1997, no pet.) (state cannot appeal from oral suppression ruling, only from written order on that ruling).[1]

■ When no written order is made, the movant's right to appeal is negated. Accordingly, we find that we must direct the trial court to sign a written order in this case. Any timetable to appeal from that order will commence on the date of its signing, as provided by the rules of appellate procedure.[2]

We conclude the trial court is required to enter a written order in resolving a motion seeking DNA testing of evidence. The petition for writ of mandamus is therefore conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.

---

1. The Fort Worth Court of Appeals held the trial court's oral announcement of its decision in open court was not final and appealable until the trial judge signed the written order. *State v. Kibler*, 874 S.W.2d 330, 332 (Tex. App.-Fort Worth 1994, no pet.) (citing *Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex.1989)); *see State v. Poe*, 900 S.W.2d 442, 444 (Tex.App.-Amarillo 1995, no pet.).

2. *See Kutzner v. State*, 75 S.W.3d 427 (Tex. Crim.App.2002).