Opinion issued March 24, 2005



















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00772-CR
____________

JAMES WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 

On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 300734
 

 
 
MEMORANDUM OPINION
          Appellant, James Williams, challenges the convicting court’s


 order denying
his motion for post-conviction DNA testing.


 Appellant’s court-appointed appellate
counsel filed an Anders


 brief, and appellant proceeds pro se. In five issues, appellant
contends that the convicting court erred in denying his motion for post-conviction
DNA testing and that his court-appointed counsel rendered ineffective assistance in
connection with appellant’s motion for post-conviction DNA testing. We affirm the
convicting court’s order.
Facts and Procedural Background
          In September 1979, a jury found appellant guilty of the offense of aggravated
rape


 and assessed his punishment at confinement for 99 years. On May 17, 2001,
appellant filed an unsworn, pro se motion for post-conviction DNA testing pursuant
to Chapter 64 of the Code of Criminal Procedure. Act of April 3, 2001, 77th Leg.,
R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2 (amended 2003) (current version at Tex.
Code Crim. Proc. Ann. arts. 64.01-.05 (Vernon Supp. 2004-2005)). On February
1, 2002, appellant filed a pro se motion to amend and to supplement his unsworn, pro
se motion to include his sworn affidavit.


 However, on May 31, 2002, appellant
requested, and the trial court appointed, counsel to represent appellant in this post-conviction proceeding, and, on September 23, 2002, appellant’s counsel filed a
motion for post-conviction DNA testing. In his motion, appellant requested that the
convicting court order DNA testing of “materials collected from the Rape Kit or from
any other source that may permit DNA testing” because (1) “[t]he evidence still
exists”; (2) “[t]he chain of custody has been maintained”; (3) [i]dentity was an issue”;
(4) “[t]here is a reasonable probability the defendant would not have been prosecuted
or convicted if there had been exculpatory DNA testing”; and (5) “[t]his request is not
made to unreasonably delay execution of the sentence or administration of justice.” 
An affidavit was attached in which appellant stated, in whole, the following:
I, James E. Williams, Applicant in the foregoing motion for post-conviction DNA testing, do believe that because of the advancement in
DNA testing, that a DNA test will show beyond a reasonable doubt that
I am innocent of my conviction for aggravated rape in Cause No.
300734, for which I am presently serving a ninety-nine (99) year
sentence.
 
          In response to appellant’s motions for DNA testing, the State filed a response
that asked the court to deny DNA testing and presented affidavit testimony from four
persons. M. Vasquez, the exhibits clerk for the Harris County District Clerk’s Office,
testified that “there is no record that evidence relating to the case of State of Texas v.
James Williams, cause number 300734, is in the possession of the Harris County
District Clerk’s Office.” J. Bolding, a Houston Police Department crime laboratory
custodian, testified that, according to the crime laboratory records, “[a]ll evidence
submitted in this case was released for trial in [the] 228th District Court, signed for
by [M.] Skinner.” M. Skinner, the court reporter for the 228th District Court at the
time of appellant’s trial in 1979, testified that she did not have any evidence from
appellant’s or his co-defendant’s trial. K. McGinnis, a Houston Police Department
property and evidence record custodian, testified that the evidence contained in
offense report number P-81949 from the Houston Police Department property room
was either “destroyed on [April 30, 1980],” or released to various persons in 1979 or
1980. 
          The convicting court denied appellant’s motions and adopted the State’s
proposed findings of fact, conclusions of law, and order, finding that appellant failed
to show that (1) biological evidence still existed in a condition making DNA testing
possible; (2) identity was or is an issue in the instant cause; and (3) a reasonable
probability existed that he would not have been prosecuted or convicted had
exculpatory test results been obtained through DNA testing.                                     
Denial of Post-Conviction DNA Testing Motion
          In his first and second issues, appellant contends that the convicting court erred
in denying his motions for DNA testing because (1) the State failed to explain in its
motion that “there was no evidence to test of the rape kit, clothes, hair, blood and
semen samples”; and (2) while the State showed that a knife had been destroyed, it
failed to establish that it did not have the rape kit in its possession.
          In reviewing a convicting court’s decision on a motion for post-conviction
DNA testing, we afford almost total deference to the convicting court’s determination
of historical-fact issues and application-of-law-to-fact issues that turn on credibility
and demeanor, while we review de novo other application-of-law-to-fact issues. 
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002); Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). Employing this standard, we defer to a
convicting court’s finding as to whether the claimed DNA evidence exists and is in
a condition to be tested. Rivera, 89 S.W.3d at 59. However, the ultimate question of
whether a reasonable probability exists that exculpatory DNA tests would have
proven innocence is an application-of-law-to-fact issue that does not turn on
credibility and demeanor and is, therefore, reviewed, de novo. Id. 
          To grant a motion for post-conviction DNA testing, a convicting court must
determine whether (1) evidence still exists, is in a condition making DNA testing
possible, and is subject to a chain of custody sufficient to establish that it has not been
altered; (2) identity was or is an issue in appellant’s case; and (3) appellant
established by a preponderance of the evidence that “a reasonable probability exists
that [he] would not have been prosecuted or convicted if exculpatory results had been
obtained through DNA testing.”


 Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2,
2001 Tex. Gen. Laws 2, 3 (amended 2003) (current version at Tex. Code Crim.
Proc. Ann. art. 64.03(a) (Vernon Supp. 2004-2005)); Thompson v. State, 95 S.W.3d
469, 471 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). Chapter 64 requires the
State to “deliver the evidence to the court, along with a description of the condition
of the evidence” or “explain in writing to the court why the state cannot deliver the
evidence to the court.” Tex. Code Crim. Proc. Ann. art. 64.02(2) (Vernon Supp.
2004-2005). The convicting court may determine whether DNA evidence exists and
is in a condition to be tested based on the sufficiency of the State’s written
explanation. Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws
2, 3 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a)
(Vernon Supp. 2004-2005)); Cravin v. State, 95 S.W.3d 506, 509 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d). 
          Here, the record reflects that there was uncontroverted evidence that the State
no longer had possession of any biological evidence relating to appellant’s case that
could have been subjected to DNA testing. On appeal, appellant asserts that there is
a possibility that a rape kit or other biological evidence might exist elsewhere, but he
directs us to no evidence in the record to support his assertion. Without a showing
of any basis for such a possibility in the trial court, we conclude that the evidence
before the trial court was sufficient to support its finding. Caddie v. State, No. 01-03-00570-CR, 2004 WL 1585298, at *2 (Tex. App.—Houston [1st Dist] July 15, 2004,
pet. ref’d.).  
          We overrule appellant’s first and second issues. 
          In his third issue, appellant contends that the convicting court “erred in relying”
on the affidavits of J. Bolding and M. Skinner because the affidavits “were in conflict
with each other.” As part of his fourth issue, appellant asserts that J. Bolding’s
affidavit constitutes inadmissible hearsay because M. Skinner’s affidavit “did not
coincide with the statement of the H.P.D. Crime Lab that they had released any trial
evidence in[to] M. Skinner’s custody and [that] she signed for the evidence.” 
          In Cravin, we determined that no evidentiary hearing is required in considering
whether DNA evidence exists and that the State’s written response need not be
accompanied by affidavits. Cravin, 95 S.W.3d at 509. Rather than an evidentiary
hearing, Chapter 64 specifically contemplates a post-conviction proceeding with
submission of affidavits from the applicant and a written response from the State. 
Tex. Code Crim. Proc. Ann. arts. 64.01(a), 64.02(2)(B) (Vernon Supp. 2004-2005). 
Because the State is not required to file affidavits with its response to an applicant’s
motion for post-conviction DNA testing, the convicting court may reach a decision
based solely on the convicted person’s motion and affidavit and the State’s response. 
Cravin, 95 S.W.3d at 509. Therefore, in this case, the State’s affidavits were
unnecessary to the convicting court’s decision because the convicting court, in
reaching a decision on whether the evidence exists, was entitled to reach that decision
based on the sufficiency of the State’s written explanation. See id. 
          We overrule appellant’s third issue and that portion of his fourth issue that
challenges the State’s affidavits as inadmissible hearsay. 
          In his fourth issue, citing to In re Johnston, 79 S.W.3d 195 (Tex.
App.—Texarkana 2002, no pet.), appellant also contends that the convicting court did
not enter a “written appealable order” when it adopted the State’s proposed findings
of fact, conclusions of law, and order. 
          In In re Johnson, after the defendant filed a motion for post-conviction DNA
testing, the trial court entered no written findings on the motion, prompting the
defendant to seek a writ of mandamus from the court of appeals. Id. at 196-97. The
Texarkana Court of Appeals held that the trial court was required to enter a written
order in resolving a motion seeking DNA testing of evidence. Id. at 198. In Cravin,
we agreed with the Texarkana Court of Appeals and held that a written order is
required for an appeal from a convicting court’s ruling on a post-conviction motion
for DNA testing. 95 S.W.3d at 508. In the instant case, contrary to appellant’s
assertion, the convicting court did enter a written order by signing the State’s
proposed findings of fact, conclusions of law, and order. 
          We overrule appellant’s fourth issue.
          We hold that the convicting court did not err in denying appellant’s motion for
post-conviction DNA testing. 
Ineffective Assistance of Counsel
          In his fifth issue, appellant contends that his court-appointed counsel, in
connection with appellant’s motion for DNA testing, rendered ineffective assistance
in failing (1) “to preserve the [a]ppellant’s objection to the trial judge’s ruling in
adopting [the State’s] Proposed Findings Order”; (2) “to object to the Crime Lab
employees’ affidavits because they never allege that they destroyed the rape kit or the
scientific test proving that [appellant’s] identity matched any testing that was done
on the items”; (3) “to properly investigate whether the H.P.D. Crime Lab released
evidence to the court reporter . . . or to make any diligent efforts to locate any such
evidence that was released to the crime lab”; and (4) “to move for production of
evidence for biological evidence in the [S]tate’s possession for DNA testing after the
[S]tate only offered affidavits that the knife was destroyed.” Additionally, appellant
notes that his appointed counsel “was incompetent because recent evidence shows
that the Houston Police Crime Lab employees have falsified evidence, performed
sloppy or inadequate record keeping to which a competent counsel with this
knowledge would have did [sic] more to protect his client’s rights than to file a
motion only requesting that DNA testing be performed.”
          In general, there is no federal constitutional right to counsel during a post-conviction collateral attack. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct.
1990, 1993 (1987). Nor is there such a right under the Texas Constitution. Ex parte
Mines, 26 S.W.3d 910, 913 (Tex. Crim. App. 2000). 
          However, a convicted person is, by statute, entitled to counsel during a
proceeding under Chapter 64 of the Code of Criminal Procedure. See Act of April
3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3 (amended 2003)
(current version at Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2004-2005)). Thus far, the Court of Criminal Appeals has not decided whether an appellant
may raise a claim of ineffective assistance of counsel arising from a hearing under
Chapter 64 of the Code of Criminal Procedure. See Bell v. State, 90 S.W.3d 301, 307
(Tex. Crim. App. 2002) (“We have not decided whether an appellant may raise a
claim of ineffective assistance arising from a hearing under Chapter 64, and we need
not do so in this case.”). Assuming that such a claim may be raised, to prevail on his
claims of ineffective assistance, a convicted person must prove, by a preponderance
of the evidence, that his counsel’s representation fell below an objective standard of
professional norms and that, but for counsel’s errors, there is a reasonable probability
that the result of the proceedings would have been different. Strickland v.
Washington, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-65, 2068 (1984); Bell,
90 S.W.3d at 307; McKinny v. State, 76 S.W.3d 463, 470 (Tex. App.—Houston [1st
Dist.] 2002, no pet.). Our review of counsel’s representation is highly deferential and
presumes that counsel’s actions fell within the wide range of reasonable and
professional assistance. Bell, 90 S.W.3d at 307; McKinny, 76 S.W.3d at 470. 
          Appellant has directed us to no evidence or information documenting that the
affidavit testimony offered by the State in this proceeding was false or incorrect. 
Moreover, the record contains no evidence to support appellant’s assertion that his
counsel was ineffective in failing to test the credibility of the State’s affidavit
testimony regarding the existence of a rape kit or other biological evidence from
appellant’s trial for the offense of aggravated rape. The record also contains no
evidence to support appellant’s assertion that his counsel was ineffective “in failing
to investigate” the whereabouts of biological evidence or in failing “to move for the
production of biological evidence in the [S]tate[’s] possession for DNA testing.” 
Here, the record does not show that the alleged errors had any impact on the court’s
ruling. As noted, in their affidavits, the State’s witnesses testified that any evidence
related to appellant’s underlying case was either destroyed or was not in their
possession. Beyond appellant’s assertion, he has not proven that rape kit or other
biological evidence still exists, as is his burden under Chapter 64. Moreover, even
if the rape kit or other biological evidence existed, there is nothing in the record to
rebut the presumption that appellant’s appointed counsel could have reasonably
determined that the potential benefit of the alleged evidence was outweighed by the
risk of unfavorable counter-evidence. See Bell, 90 S.W.3d at 307.
          Under these circumstances, we cannot conclude that appellant’s appointed
counsel was ineffective for failing to obtain post-conviction DNA testing.
Accordingly, we hold that appellant has not shown, by a preponderance of the
evidence, that, in representing appellant in his proceeding to obtain post-conviction
DNA testing, appellant’s counsel’s performance was deficient. 
          We overrule appellant’s fifth issue. 
Conclusion
          We affirm the order of the trial court. We also grant the motion to withdraw
filed by appellant’s court-appointed appellate counsel. See Stephens v. State, 35
S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no pet.). We note that
counsel still has a duty to inform appellant of the result of this appeal and also to
inform appellant that he may, on his own, pursue discretionary review in the Court
of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997); Stephens, 35 S.W.3d at 771-72. 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).