NO. 07-05-0348-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 27, 2005


 ______________________________



MARCO ANTONIO ROMERO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-00H-108; HONORABLE H. BRYAN POFF, JR., JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Marco Antonio Romero, appeals from a denial of his Motion for DNA
Testing after conviction for the offense of Sexual Assault. We will dismiss the appeal for
want of jurisdiction.

 Our appellate jurisdiction over a criminal appeal is triggered through a timely notice
of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of
a notice of appeal timely filed in compliance with the requirements of Rule of Appellate
Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the
appeal in a criminal case, and can take no action other than to dismiss the appeal. Slaton
v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). An appeal of a denial of a motion
for DNA testing is treated in the same manner as an appeal of any other criminal matter. 
Tex. Code Crim. Proc. Ann. art. 64.05 (Vernon Supp. 2005). As applicable here, Rule of
Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within
30 days after the day the trial court enters an appealable order. See In re Johnston, 79
S.W.3d 195, 197 (Tex.App.-Texarkana 2002, no pet.). Rule 26.3 allows for an extension
of time if the appellant files a notice of appeal with the trial court within 15 days after the
deadline for filing the notice of appeal and files a motion for extension with the appellate
court. 

 Appellant signed a waiver of his rights to appeal, pled guilty, and was sentenced on
January 16, 2003. The trial court certified that the matter was pursuant to a plea bargain,
and that appellant had no right to appeal. Appellant filed his motion for DNA testing on
August 19, 2005, (1) and the trial court signed an order denying the motion on August 31,
2005. Appellant's notice of appeal was filed October 5, 2005. Appellant's failure to file a
timely notice of appeal or to meet the requirements for an extension under Rule 26.3
prevents this court from having jurisdiction over his appeal. Slaton, 981 S.W.2d at 210. 



 Consequently, the appeal is dismissed for want of jurisdiction. 


 Mackey K. Hancock

 Justice


Do not publish. 









 
1. Appellant also filed a Motion for In Camera Inspection requesting the court to
inspect the District Attorney's file for exculpatory evidence. However, we do not have
authority to address his appeal of the denial of this motion because it does not deal with
art. 64.03 or 64.04. See Wolfe v. State, 120 S.W.3d 368, 372 (Tex.Crim.App. 2003).