NO. 07-05-0348-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 27, 2005
_____

MARCO ANTONIO ROMERO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-00H-108; HONORABLE H. BRYAN POFF, JR., JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Marco Antonio Romero, appeals from a denial of his Motion for DNA Testing after conviction for the offense of Sexual Assault. We will dismiss the appeal for want of jurisdiction.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In the absence of a notice of appeal timely filed in compliance with the requirements of Rule of Appellate Procedure 26, a court of appeals does not obtain jurisdiction to address the merits of the

appeal in a criminal case, and can take no action other than to dismiss the appeal. Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). An appeal of a denial of a motion for DNA testing is treated in the same manner as an appeal of any other criminal matter. TEX. CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp. 2005). As applicable here, Rule of Appellate Procedure 26.2(a) requires a notice of appeal in a criminal case be filed within 30 days after the day the trial court enters an appealable order. See In re Johnston, 79 S.W.3d 195, 197 (Tex.App.–Texarkana 2002, no pet.). Rule 26.3 allows for an extension of time if the appellant files a notice of appeal with the trial court within 15 days after the deadline for filing the notice of appeal and files a motion for extension with the appellate court.

Appellant signed a waiver of his rights to appeal, pled guilty, and was sentenced on January 16, 2003. The trial court certified that the matter was pursuant to a plea bargain, and that appellant had no right to appeal. Appellant filed his motion for DNA testing on August 19, 2005,[1] and the trial court signed an order denying the motion on August 31, 2005. Appellant's notice of appeal was filed October 5, 2005. Appellant's failure to file a timely notice of appeal or to meet the requirements for an extension under Rule 26.3 prevents this court from having jurisdiction over his appeal. Slaton, 981 S.W.2d at 210.

---

[1]Appellant also filed a Motion for In Camera Inspection requesting the court to inspect the District Attorney's file for exculpatory evidence. However, we do not have authority to address his appeal of the denial of this motion because it does not deal with art. 64.03 or 64.04. See Wolfe v. State, 120 S.W.3d 368, 372 (Tex.Crim.App. 2003).

2

Consequently, the appeal is dismissed for want of jurisdiction.


Mackey K. Hancock
Justice


Do not publish.