Becker v. State



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS






IN RE: ROBERT A. ALLEN,



 Relator.
§


 


§


 


§


 


§


 


§


 


 § 



No. 08-07-00110-CR



AN ORIGINAL PROCEEDING

 IN MANDAMUS






OPINION ON PETITION FOR WRIT OF MANDAMUS


 Relator, Robert A. Allen, filed a petition for writ of mandamus seeking to compel the 243rd
District Court to rule on his amended motion for DNA testing, motion for new trial, and a
supplemental motion for new trial. For the following reasons, we conditionally grant relief.

FACTUAL SUMMARY


 In 1979, Allen was convicted and sentenced to life imprisonment for aggravated
kidnaping.  We affirmed his conviction on May 5, 1982 in an unpublished opinion. See Allen v.
State, No. 08-81-00033-CR (Tex.App.--El Paso 1982, pet. ref'd)(not designated for publication). 
On December 6, 2005, Allen filed a first amended motion for post-conviction DNA testing of
previously untested evidence in possession of the State in Cause Number 33813, aggravated
kidnaping. The trial court held a hearing on the motion on February 23, 2006.

 Allen complains that the trial court has failed to rule on his motion for new trial,
supplemental motion for new trial, and amended motion for DNA testing. To be entitled to
mandamus relief, a relator must establish that the act sought to be compelled is ministerial and that
there is no adequate remedy at law. Dickens v. Court of Appeals for Second Supreme Judicial
District of Texas, 727 S.W.2d 542, 548 (Tex.Crim.App. 1987). An act is ministerial if it does not
involve the exercise of discretion. State ex rel. Hill v. Court of Appeals for the Fifth District, 34
S.W.3d 924, 927 (Tex.Crim.App. 2001).

CAUSE NUMBERS


 Allen's petition relates to two cause numbers, Cause Number 33813-327 and Cause Number
33812-327. He also filed a motion to consolidate. The State contends Allen is not entitled to
mandamus relief in Cause Number 33812-327 because he has failed to show that a motion was
pending and that the trial court has refused to rule on his motion. We agree. First, we have no
record in Cause Number 33812. According to the State, Allen pled guilty to a separate charge of
aggravated rape and was sentenced to twenty years' confinement. His sentence was to run
concurrently with his life-sentence in Cause Number 33813. The State also mentions there was no
record of appeal.

 Secondly, the first amended motion for post-conviction DNA testing was filed in Cause
Number 860D08102 with a handwritten number of 33813. The motion alleged that Allen was
convicted and sentenced to life for an aggravated kidnaping in 1979 and he was moving for post-conviction DNA testing that would more likely than not exclude him as the perpetrator in that crime. 
The motion makes no mention of the aggravated rape charge nor does it reference Cause
Number 33812.

 We do note, however, that at the evidentiary hearing, the trial court called the case of "the
State of Texas v. Robert Allen, 2 -- that's 33812 and 33813." It is unclear from the record why the
hearing was called under both cause numbers. Regardless, Allen has not provided us with a copy
of a motion in Cause Number 33812. See Tex.R.App.P. 52.7 (relator must file a certified or sworn
copy of every document that is material to the relator's claim for relief and that was filed in any
underlying proceeding). Therefore, he has failed to show he is entitled to mandamus relief. We will
only address his arguments as they relate to Cause Number 33813.

MOTIONS FOR NEW TRIAL


 In his petition, Allen contends the trial court failed to rule on his motion for new trial and
supplemental motion for new trial. The Rules of Appellate Procedure define a new trial as the
"rehearing of a criminal action after the trial court has, on the defendant's motion, set aside a finding
or verdict of guilt." Tex.R.App.P.21.1. Although Allen contends the trial court erred in failing to
rule on his motions for new trial, an order disposing of a Chapter 64 motion for DNA testing does
not involve a finding of guilt. A motion for new trial is thus a nullity. See Welsh v. State, 108
S.W.3d 921, 922-23 (Tex.App.--Dallas 2003, no pet.). Moreover, motions for new trial are
overruled by operation of law if the trial court does not rule on the motion within seventy-five days
after imposing or suspending sentence in open court. See Tex.R.App.P. 21.8. Therefore, Allen has
failed to show he is entitled to mandamus relief.

AMENDED MOTION FOR DNA TESTING


 Allen also seeks mandamus relief to compel the trial court to rule on his amended motion for
DNA testing. He contends he has been denied due course of law and access to the judicial forum
on the appellate level.

 Chapter 64 allows a convicted person to submit a motion for forensic DNA testing of
evidence containing biological material. See Tex.Code Crim.Proc.Ann. art. 64.01(a)(Vernon
2006). A convicting court may order forensic DNA testing only if:

 (1) the court finds that:


 (A) the evidence:


 (I) still exists and is in a condition making DNA testing possible; and


 (ii) has been subjected to a chain of custody sufficient to establish that
it has not been substituted, tampered with, replaced, or altered in any
material respect; and 


 (B) identity was or is an issue in the case; and


 (2) the convicted person establishes by a preponderance of the evidence that:


 (A) the person would not have been convicted if exculpatory results 
had been obtained through DNA testing; and


 (B) the request of the proposed DNA testing is not made to unreasonably
delay the execution of sentence or administration of justice.


See Tex.Code Crim.Proc.Ann. art. 64.03(a).

 To establish the trial court abused its discretion by failing to rule on a motion, the
relator must show the court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to
perform the act, and (3) failed or refused to do so. In re Cash, 99 S.W.3d 286, 288 (Tex.App.--Texarkana 2003, orig. proceeding). A trial court must consider and rule on a Chapter 64
motion for DNA testing within reasonable time. In Re Cash, 99 S.W.3d at 288; In re Rodriguez,
No. 08-03-00063-CR, 2003 WL 21419588 at *1-2 (Tex.App.--El Paso 2003, orig. proceeding)(not
designated for publication). Thus, the trial court had the legal duty to perform the nondiscretionary
act of ruling on Allen's motion for DNA testing.

 Secondly, Allen provided us with copies of letters he sent to the trial court. In a letter dated
February 15, 2007, Allen reminded the court he wanted to appeal the destruction of DNA evidence. 
He sought a certification from the court for his right to appeal, and asked to be notified of the court's
final ruling on the DNA testing so he could file his notice of appeal. He clearly asked the trial court
to perform. We next determine whether the court failed to perform its legal duty.

 The State contends the trial court ruled on the motion at the hearing. The trial court stated
the following:

 THE COURT: Okay. Okay. Well, if there's not any evidence to test, then obviously
there can't be an order to test it, so, Mr. Allen, I'm sorry, that they couldn't find
anything, but at least you can be satisfied in your mind that you tried, or any
satisfaction that might bring you. I don't know if it would or wouldn't, but
apparently there isn't anything left to test. Okay. Then we're adjourned.

An appellate court may review a trial court's denial of a post-conviction motion for DNA testing. 
See Wilson v. State, 185 S.W.3d 481, 483-84 (Tex.Crim.App. 2006)(Court of Criminal Appeals
reviewed denial of post-conviction motion for DNA testing); Rodriguez v. State, 153 S.W.3d 245,
248 (Tex.App.--El Paso 2004, no pet.)(restrictions of Texas Rule of Appellate Procedure 25.2(a)(2)
do not apply to an appeal from a denial of post-conviction testing); Cravin v. State, 95 S.W.3d 506,
508 (Tex.App.--Houston [1st Dist.] 2002, pet. ref'd)(article 64.05 allows a defendant to appeal the
convicting court's denial of his post-conviction motion for DNA testing). Specifically, Chapter 64
provides "[a]n appeal under this chapter is to a court of appeals in the same manner as an appeal of
any other criminal matter, except that if the convicted person was convicted in a capital case and was
sentenced to death, the appeal is a direct appeal to the court of criminal appeals." See Tex.Code
Crim.Proc.Ann. art. 64.05. Therefore, a trial court's finding on a motion for DNA testing is an
appealable order. In re Johnston, 79 S.W.3d 195, 197 (Tex.App.--Texarkana 2002, orig.
proceeding).

 Under the Texas Rules of Appellate Procedure, a defendant must file a "notice of appeal
within thirty days after the day the sentence is imposed or suspended in open court, or after the day
the trial court enters an appealable order." [Emphasis added]. See Tex.R.App.P. 26.2(a)(1). A trial
court enters an appealable order when the order is signed by the trial judge. See Ex Parte Delgado,
214 S.W.3d 56, 58 (Tex.App.--El Paso 2006, pet. ref'd)(under Texas Rule of Appellate Procedure
26.2(a)(1), defendant untimely filed his notice of appeal, eighty-nine days, after the trial court signed
the appealable order); Cravin, 95 S.W.3d at 508 (written order is required for an appeal from a
convicting court's ruling on a post-conviction motion for DNA testing); In re Johnston, 79 S.W.3d
at 198 (trial court is required to sign written order in resolving a motion seeking DNA testing of
evidence). (1) Therefore, although Chapter 64 does not specifically require a written order if a
convicting court does not find that testing should be conducted, it is necessarily implied that the trial
court must make a written order since the defendant has a right to appeal from a finding under the
article and an appeal must be from an order or judgment. Cravin, 95 S.W.3d at 508; In re Johnston,
79 S.W.3d at 198. 

 The trial court was required to enter a written order denying Allen's motion for DNA testing. 
Cravin, 95 S.W.3d at 508; In re Johnston, 79 S.W.3d at 198. His failure to do so has prevented the
appellate timetable from beginning. See Tex.R.App.P. 26.2(a)(1); In re Johnston, 79 S.W.3d at 198
(a movant's right to appeal is negated when a written order is not made). Allen has no adequate
remedy at law. We conditionally grant the writ. The writ will issue only if the trial court fails to
enter a written order in accordance with this opinion.

SANCTIONS


 The State sought sanctions against Allen pursuant to Rules 52.7(a)(2) and 52.11 of the Texas
Rules of Appellate Procedure. (2) It argues Allen should be sanctioned for failing to provide a
transcript of the February 23, 2006 hearing and for filing a groundless petition. Because we have
determined the trial court had a duty to issue a written order, we deny the request.


August 23, 2007 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. We recognize In re Johnston relied on Rosenbaum v. State. The State may appeal a trial court's order, as
articulated in Article 44.01, not later than the fifteenth day after the date on which the order is entered by the court. See
Tex.Code Crim.Proc.Ann. art. 44.01(a) & (d)(Vernon 2006); State v. Rosenbaum, 818 S.W.2d 398, 402-03
(Tex.Crim.App. 1981). The Texas Court of Criminal Appeals held the term entered by the court encompasses the signing
of an order by the trial judge. Id at 403.

 In Rosenbaum, the court analyzed the conflict between Article 44.01 and former Texas Rule of Appellate
Procedure 41(b)(1). Rosenbaum, 818 S.W.2d at 402. Former Rule 41(b)(1) stated, "appeal is perfected when notice
of appeal is filed within thirty (fifteen by the state) days after the day sentence is imposed or suspended in open court
or the day an appealable order is signed by the trial judge. (emphasis added)." Rosenbaum, 818 S.W.2d at 400. The
current version of former Rule 41(b)(1) is Rule 26.2(b): "The notice of appeal must be filed within 15 days after the day
the trial court enters the order, ruling, or sentence to be appealed." See Tex.R.App.P. 26.2(b); State v. Shaw, 4 S.W.3d
875, 877 (Tex.App.--Dallas 1999, no pet.). No substantive change was intended. See Tex.R.App.P. 26, notes and
comments; Shaw, 4 S.W.3d at 877. Therefore, Rule 26.2(b) did not alter the interpretation in Rosenbaum. Shaw, 4
S.W.3d at 877.

 Under Article 44.01, the State may appeal such orders as the dismissal of an indictment, the granting of a motion
to suppress, and even an order issued under Chapter 64. See Tex.Code Crim.Proc.Ann. art. 44.01(a)(1),(5) & (6). The
appellate timetable for the State begins running from the date the trial judge signs the order. See State ex rel. Sutton v.
Bage, 822 S.W.2d 55, 57 (Tex.Crim.App. 1992); Rosenbaum, 818 S.W.2d at 402; In re Johnson, 79 S.W.2d at 198. 
While the analysis in Rosenbaum relates to the timetable for the State's right to appeal, we apply the same analysis
similar regarding a defendant's timetable for appealing a Chapter 64 order.
2. Rule 52.7(a)(2) requires that a relator in an original appellate proceeding must file with the petition a properly
authenticated transcript of any relevant testimony from any underlying proceeding. See Tex.R.App.P. 52.7(a)(2). 
Rule 52.11 states in relevant part that "[o]n motion of any party or on its own initiative, the court may--after notice and
a reasonable opportunity to respond--impose just sanctions on a party or attorney who is not acting in good faith as
indicated" by the filing a petition that is clearly groundless. See Tex.R.App.P. 52.11.