COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| Appellant, | § | No. 08-11-00253-CV |
| | § | |
| v. | § | Appeal from the |
| | § | |
| | | Criminal District Court No. 1 |
| NINE HUNDRED EIGHTY-TWO | § | |
| THOUSAND ONE HUNDRED TEN | | of El Paso County, Texas |
| DOLLARS AND FOUR BAGS | § | |
| CONTAINING AN UNDETERMINED | | (TC# 2011-712) |
| AMOUNT OF US CURRENCY, | § | |
| | | |
| Appellees. | § | |

**MEMORANDUM OPINION**

Appellant filed a notice of interlocutory appeal, stating its intent to appeal from the trial court's denial of its plea to the jurisdiction. According to the notice of appeal, Appellant argued in its plea to the jurisdiction that the court lacked jurisdiction over an unnamed intervenor's claim. The notice states that the trial judge orally denied the plea on August 11, 2011, and that Appellant submitted a proposed order on August 15, 2011. The court coordinator later informed Appellant that the judge was unwilling to sign the order.

Because it appeared that there is no appealable order, the Clerk of this Court notified the parties of the Court's intent to dismiss the appeal for lack of jurisdiction unless any party could show grounds for continuing the appeal. Appellant responded to the notice by submitting a partial copy of a transcript, reflecting the judge's oral ruling. Citing Texas Rule of Appellate Procedure 33.1, Appellant argues that the lack of a signed order does not preclude its ability to

seek relief from this Court.

Rule 33.1 governs preservation of error; it does not pertain to appellate jurisdiction. *See* TEX.R.APP.P. 33.1. Rule 26.1 does pertain to jurisdiction. It provides that a notice of interlocutory appeal "must be filed within 20 days after the judgment or order is *signed*." TEX.R.APP.P. 26.1(b)[Emphasis added]. Thus, an appeal may only be perfected from a written order, not an oral ruling. *See In re Nationwide Credit, Inc.*, No. 13-10-00007-CV, 2010 WL 596809, at *4 (Tex.App.--Corpus Christi Feb. 18, 2010, orig. proceeding)(mem. op.); *Hubbard-Jowers v. Starfire Enters., Ltd.*, No. 02-06-462-CV, 2007 WL 439052, at *1 (Tex.App.--Fort Worth Feb. 8, 2007, no pet.)(mem. op.); *In re Johnston*, 79 S.W.3d 195, 197-98 (Tex.App.--Texarkana 2002, orig. proceeding); *see also Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995)("The appellate timetable *does not* commence to run other than by signed, written order, even when the signing of such an order is purely ministerial.").

This appeal is dismissed for lack of jurisdiction.

September 14, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.