COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS






THE STATE OF TEXAS,

                            Appellant,

v.


NINE HUNDRED EIGHTY-TWO
THOUSAND ONE HUNDRED TEN
DOLLARS AND FOUR BAGS
CONTAINING AN UNDETERMINED
AMOUNT OF US CURRENCY,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 §

  § 

 §




No. 08-11-00253-CV

Appeal from the

Criminal District Court No. 1

of El Paso County, Texas 

(TC# 2011-712) 






MEMORANDUM OPINION

            Appellant filed a notice of interlocutory appeal, stating its intent to appeal from the trial
court’s denial of its plea to the jurisdiction. According to the notice of appeal, Appellant argued
in its plea to the jurisdiction that the court lacked jurisdiction over an unnamed intervenor’s
claim. The notice states that the trial judge orally denied the plea on August 11, 2011, and that
Appellant submitted a proposed order on August 15, 2011. The court coordinator later informed
Appellant that the judge was unwilling to sign the order.
            Because it appeared that there is no appealable order, the Clerk of this Court notified the
parties of the Court’s intent to dismiss the appeal for lack of jurisdiction unless any party could
show grounds for continuing the appeal. Appellant responded to the notice by submitting a
partial copy of a transcript, reflecting the judge’s oral ruling. Citing Texas Rule of Appellate
Procedure 33.1, Appellant argues that the lack of a signed order does not preclude its ability to
seek relief from this Court.
            Rule 33.1 governs preservation of error; it does not pertain to appellate jurisdiction. See
Tex.R.App.P. 33.1. Rule 26.1 does pertain to jurisdiction. It provides that a notice of
interlocutory appeal “must be filed within 20 days after the judgment or order is signed.” 
Tex.R.App.P. 26.1(b)[Emphasis added]. Thus, an appeal may only be perfected from a written
order, not an oral ruling. See In re Nationwide Credit, Inc., No. 13-10-00007-CV, 2010 WL
596809, at *4 (Tex.App.--Corpus Christi Feb. 18, 2010, orig. proceeding)(mem. op.); Hubbard-Jowers v. Starfire Enters., Ltd., No. 02-06-462-CV, 2007 WL 439052, at *1 (Tex.App.--Fort
Worth Feb. 8, 2007, no pet.)(mem. op.); In re Johnston, 79 S.W.3d 195, 197-98 (Tex.App.--Texarkana 2002, orig. proceeding); see also Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496
(Tex. 1995)(“The appellate timetable does not commence to run other than by signed, written
order, even when the signing of such an order is purely ministerial.”).
            This appeal is dismissed for lack of jurisdiction.


September 14, 2011
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.