

NUMBER 13-14-00701-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN THE INTEREST OF T.M., A CHILD

On appeal from the 36th District Court
of Bee County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Frances B. Shepherd, attempted to perfect an appeal from an order entered by the 36th District Court of Bee County, Texas, in cause no. B-14-1335-CV on November 4, 2014 denying her petition in intervention. Upon review of the documents before the Court, it appeared that the order from which this appeal was taken was not a final appealable order. The Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. *See* TEX. R. APP. P. 37.1, 42.3. Appellant was advised that, if the defect was not corrected within ten days from

the date of receipt of this notice, the appeal would be dismissed for want of jurisdiction. In appellant's response to this Court's directive, appellant stated that a hearing in the above-referenced matter was held on November 4, 2014, and "[a]lthough the judgment was pronounced, there was never an Order entered or executed by the Trial Judge." Our review of the clerk's record in this cause likewise reveals no written and signed order.

The Texas Rules of Appellate Procedure calculate the period within which one must perfect an appeal from the time the judgment is signed, not from the filing of a pleading. *See generally* TEX. R. APP. P. 26.1. The appellate timetable does not commence to run other than by signed, written order, even when the signing of such an order is purely ministerial. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex. 1995). A trial court's oral pronouncement and docket entry are not an acceptable substitute for a written order. *Emerald Oaks Hotel/Conf. Ctr., Inc. v. Zardenetta*, 776 S.W.2d 577, 578 (Tex. 1989) (orig. proceeding); *McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex. 1980) (orig. proceeding); *see also Five Star Dev. Resort Communities, LLC v. Istar Fin., Inc.*, No. 08-11-00299-CV, 2011 WL 6209366, at *1 (Tex. App.—El Paso Dec. 7, 2011, no pet.) (mem.op.).

The Court, having considered the documents on file and appellant's failure to correct the defect in this matter, is of the opinion that the appeal should be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *see also* TEX. GOV'T CODE ANN. § 22.220(c) (West, Westlaw through 2013 3d C.S.)("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction."). Without a written ruling, appellant may not

2

appeal. *See* TEX. R. APP. P. 26.1; *In re Johnston*, 79 S.W.3d 195, 198 (Tex. App.—Texarkana 2002, orig. proceeding); *see also In re Nationwide Credit, Inc.*, No. 13-10-00007-CV, 2010 WL 596809, at *4 (Tex. App.—Corpus Christi Feb. 18, 2010, no pet.) (mem. op.). Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Delivered and filed the
12th day of February, 2015.

3