62,634-09

Romarcus D. Marshall
#1043741
3001 S. Emily Dr.
Beeville, Tx, 78102

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 05 2015

Abel Acosta, Clerk

June 2, 2015

Abel Acosta, Clerk
COCA of Texas
P.O. Box 12308
Austin, Tx. 78711

RE: Tr. Ct. No. 833880-E & WR-62,634-9

Honorable Acosta,

As followed, you will discover my objection to the trial court's findings. It's very important that you bring this objection before the Court ASAP please. Thank you for your time and assistance.

Sincerely submitted,

Romarcus D. Marshall
#1043741
3001 S. Emily Dr.
Beeville, Tx. 78102

## TEXAS COURT OF CRIMINAL APPEALS

RE: WR-62,634-09 & Tr. Ct. No. 833880-E

Ex Parte

Romarcus Deon Marshall
                    Applicant

### IN THE 179th DISTRICT OF
### HARRIS COUNTY, TEXAS

## OBJECTION TO THE TRIAL COURT'S FINDING OF FACT
## AND CONCLUSION OF LAW

**TO THE HONORABLE SAID COURT:**

Applicant raised a legitimate claim regarding the relief of an out-of-time appeal with the necessary document from the Fourteenth Court of Appeals NO.14-15-00103-CR to prove such claim. Please see the following exhibit & all that it offers.

In the trial court's findings which it adopted from the District Attorney's assistant, Barber was cited in order to sway a denial; Ex Parte Barber, 879 S.W.2d 889, 891-892 (Tex.Crim.App. 1994). Ex Parte Barber is totally opposite from which Applicant has raised. Applicant is not obligated to satisfy the standards projected in Ex Parte Barber while seeking an out-of-time appeal. However, if Barber was a factor, the trial court is again in err because Chapter 64 speaks for the applicant, and the trial court knows this, or should know that anyone who raises a claim under Chapter 64, raises a claim of innocence, and if the movant

is not contacted upon the State's findings , he/she will not be able to appeal after 30days unless they file for an out-of-time appeal.

A written order is required for an appeal from a convictiing court's ruling on a motion for DNA testing, In re Johnston, 79 S.W.3d 195,198; A finding that there are no grounds to order testing or a finding after testing that the test results do not show a probability that the applicant would not have been convicted may be appealed to the appropriate Court of Appeals or to the Texas Court of Criminal Appeals in capital cases, Tex. Rules of Crim. Proc. Chapter 64.05, State V. Patrick & State ex rel Hill V. Greene, 86 S.W.3d 592, 595 (Tex.Crim.App.2002). Furthermore, a movant in Chapter 64 appealing has 30 days from the DNA motion is denied by the State to file a notice of appeal, Jacob V State, 115 S.W.3d 108, 110-11, (Tex.App.-Texarkana 2003), and Swearingen V. State, 189 S.W. 3d 779, (Tex.Crim.App. 2006).

Applicant was stripped of the right to give a 30 day notice of appeal, and Applicant would had never found out about the attorney, nor the findings of the DNA motion if not for the 14th Court of Appeals. To this day, Applicant Marshall hasn't receive the original finding regarding the DNA issue from the State. Applicants asking that this honorable Court grant the relief of an out-of-time appeal.

Dated: 6/02/2015

Respectfully submitted,

Romarcus D. Marshall
#1043741

**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed March 17, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00103-CR

## IN RE ROMARCUS DEON MARSHALL, Relator

ORIGINAL PROCEEDING
WRIT OF MANDAMUS
179th District Court
Harris County, Texas
Trial Court Cause No. 833880

## MEMORANDUM OPINION

On February 3, 2015, relator Romarcus Deon Marshall filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the Honorable Kristin M. Guiney, presiding judge of the 179th District Court of Harris County, to respond to his motion for appointment of counsel regarding DNA testing.

We ordered the Harris County District Clerk to file with this court a supplemental record of the proceedings concerning relator's request for counsel for the purposes of DNA testing. The record reveals that on May 12, 2014, relator filed his motion for the appointment of counsel regarding DNA testing. The trial court appointed Jerome Godinich as relator's counsel on May 13, 2014. The trial court adopted the State's proposed findings of fact on October 17, 2014, among which included findings that (1) because DNA testing of the available evidence would neither determine the identity of the person who committed the offense nor exculpate relator, he had not met the requirements of Chapter 64 of the Code of Criminal Procedure;[1] and (2) relator is not entitled to additional forensic DNA testing under Chapter 64. Consequently, relator's request for relief is moot.

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jamison, Busby, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] *See* Tex. Code Crim. Proc. art. 64.03(a)(2)(A) (West Supp. 2014) (providing that a convicting court may order forensic testing under this chapter only if, among other requirements, the convicted person establishes by a preponderance of the evidence that the person would not have been convicted if exculpatory results had been obtained through DNA testing).

2

## CERTIFICATE OF SERVICE

I, Romarcus D. Marshall, heredo certify that an oriqinal objection was sent to the clerk of the Texas Court of Criminal Appeal, and a copy was sent the the clerk of the Harris County district Court 179. by putiing such in the mial box with pre paid postage of the date of 6/02/2015

_Sincerely submitted,

Romarcus D. Marshall
#1043741
3001 S. Emily Dr.
Beeville, Tx. 78102