

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00410-CR

JAMES CODY JARVIS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
### TRIAL COURT NO. 1292950

----------

## MEMORANDUM OPINION[1]

----------

Appellant James Cody Jarvis attempts to appeal from the trial court's

denial of his motion requesting bond pending appeal.[2]  *See* Tex. Code Crim.

---

[1]*See* Tex. R. App. P. 47.4.

[2]In October 2012, Appellant pled guilty, pursuant to a plea bargain, to the offense of burglary of a habitation.  *See* Tex. Penal Code Ann. § 30.02(c)(2) (West 2011).  The trial court placed him on five years' deferred-adjudication community supervision and assessed a $500 fine, $284 in court costs, and $268 in restitution.  The State subsequently filed a petition to proceed to adjudication.

Proc. Ann. art. 44.04(g) (West Supp. 2015). Shortly after Appellant filed his notice of appeal, the trial court clerk informed us that the trial judge had not signed a written order on Appellant's request for appeal bond. On November 12, 2015, and January 28, 2016, we notified Appellant that it appeared that there was no appealable written order and that his notice of appeal was premature. *See* Tex. R. App. 26.2(a), 27.1(b). We advised him that this appeal would be dismissed unless the parties furnished this court a signed copy of the order Appellant seeks to appeal. *See* Tex. R. App. P. 44.3, 44.4. Despite these two notices, we have not been furnished with a signed copy of a written order denying Appellant's request for appeal bond, and the trial court clerk has confirmed that the trial court has not signed such an order.

The rules of appellate procedure provide that a criminal defendant has the right to appeal a judgment of guilt or other appealable order. *See* Tex. R. App. P. 25.2(a)(2). To perfect an appeal of this type of order in a criminal case, a notice of appeal must be filed after the trial court enters an appealable order. *See* Tex. R. App. P. 26.2(a)(1). "Entry" by the court means a signed, written order. *See, e.g.*, *In re Johnston*, 79 S.W.3d 195, 197–98 (Tex. App.—Texarkana 2002, orig. proceeding).

---

On September 10, 2015, Appellant pled true to the allegations in the State's motion to adjudicate guilt, and the trial court sentenced him to eight years' imprisonment. The trial court certified his right of appeal, and Appellant timely perfected his appeal. Appellant's appeal from the trial court's order adjudicating him guilty is currently pending in this court under cause number 02-15-00318-CR.

In this case, the trial court orally denied Appellant's motion requesting bond pending appeal on the record at the conclusion of the hearing on the motion, and the trial court certified that Appellant has the right to appeal this ruling. But the trial court has not entered an order from which Appellant may perfect an appeal from the trial court's denial of his request for appeal bond.[3] *See* Tex. R. App. P. 25.2(a)(2), 26.2(a)(1), 27.1(b); *see also Lowe v. State*, No. 14-00-01110-CR, 2001 WL 101771, at *2 (Tex. App.—Houston [14th Dist.] Feb. 8, 2001, no pet.) (mem. op., not designated for publication) ("While an appellant certainly has the right to appeal a trial court's decision regarding a request for bond [pending appeal] . . . this does not mean jurisdiction is conferred on this Court in the absence of a signed, written order."). Thus, Appellant's notice of appeal is premature. *See* Tex. R. App. P. 25.2(a)(2), 26.2(a)(1), 27.1(b). Accordingly, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 25, 2016

---

[3]There is no indication in the record before us that an order has been presented to the trial court or that the trial court is refusing to sign an order.

3