

**NUMBER 13-14-00082-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**STEVEN SANDOVAL,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 214th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion Per Curiam**

Appellant, Steven Sandoval, appeals the trial court's December 4, 2013 denial of his application for a writ of habeas corpus.[1]  We dismiss the appeal for want of jurisdiction.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. Art. 11.072 (West 2005).

The trial court signed an order denying the application on December 4, 2013. Notice of appeal was filed on January 14, 2014. On February 7, 2014, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has filed a motion to extend time to file notice of appeal explaining he did not obtain authorization to proceed with the appeal until January 14, 2014, after the appellate deadline expired.

Texas Rule of Appellate Procedure 26.2 requires the notice of appeal to be filed within thirty days after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). The trial court signed an order denying the application on December 4, 2013. The notice of appeal was therefore due no later than January 3, 2014. *See State v. Rosenbaum*, 818 S.W.2d 398, 402 (Tex. Crim. App. 1991) (holding that appellate timetables begin running from date trial court signs order).

The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3. Although the notice of appeal herein was filed within the fifteen-day time period for filing a motion for extension of time to file notice of appeal, the motion for extension of time was not filed within the 15-day time period. *See id.*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). "When a notice of appeal is filed within the 15-day period but no timely motion for extension of

2

time is filed, the appellate court lacks jurisdiction." *Id.* Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Accordingly, appellant's motion for extension of time to file notice of appeal of the trial court's order denying habeas corpus relief is DENIED.

Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of February, 2014.

3