**DISMISS; and Opinion Filed April 7, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00386-CR

**JAMES L. HOWARD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F93-02490-I**

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Fillmore

James Howard was convicted of aggravated sexual assault of child and sentenced to forty-five years' imprisonment. His conviction was affirmed on direct appeal. *Howard v. State*, No. 05-95-01428-CR, 1997 WL 55850 (Tex. App.—Dallas Feb. 12, 1997, pet. ref'd) (not designated for publication). On June 6, 2014, appellant filed a motion for post-conviction DNA testing. The trial court denied appellant's motion by written order dated November 18, 2014, which included language making it effective ten days after the signing date. Appellant filed a pro se notice of appeal from the trial court's order on March 3, 2015. We conclude we lack jurisdiction over the appeal.

"Jurisdiction concerns the power of a court to hear and determine a case." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). The jurisdiction of an appellate court must be legally invoked, and, if not, the power of the court to act is as absent as if it did not exist. *See id.*

at 523. "The standard to determine whether an appellate court has jurisdiction to hear and determine a case 'is not whether the appeal is precluded by law, but whether the appeal is authorized by law.'" *Blanton v. State*, 369 S.W.3d 894, 902 (Tex. Crim. App. 2012) (quoting *Abbott v. State*, 271 S.W.3d 694, 697–97 (Tex. Crim. App. 2008)). To invoke this Court's jurisdiction, an appellant must file his notice of appeal within the time period provided by the Texas Rules of Appellate Procedure. *See Blanton*, 369 S.W.3d at 902; *Olivo*, 918 S.W.2d at 523; *see also* TEX. R. APP. P. 26.2(a) (time to file notice of appeal); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam).

The trial court signed the order denying appellant's motion on November 18, 2014, and, relying on *State v. Rosenbaum*, 818 S.W.2d 398 (Tex. Crim. App. 1991), included language making it effective as of November 28, 2014. Therefore, at the latest, his notice of appeal was due by Monday, December 29, 2014. *See id.; see also* TEX. R. APP. P. 4.1(a), 26.2(a)(1). Appellant's March 3, 2015 notice of appeal is untimely, leaving us without jurisdiction over the appeal. *See Blanton*, 369 S.W.3d at 902; *Olivo*, 918 S.W.2d at 523; *Slaton v. State*, 981 S.W.2d at 210.

We dismiss the appeal for want of jurisdiction.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

150386F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JAMES L. HOWARD, Appellant

No. 05-15-00386-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 2, Dallas County, Texas

Trial Court Cause No. F93-02490-I.

Opinion delivered by Justice Fillmore,

Justices Bridges and Brown participating.


Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.


Judgment entered this 7th day of April, 2015.